**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| DURA AUTOMOTIVE SYSTEMS, LLC, *et al.*,[1] | ) ) ) | Case No. 19-12378 (KBO) |
| Debtors. | ) ) ) ) | (Jointly Administered) Judge Karen B. Owens |

**ORDER (I) APPROVING BIDDING
PROCEDURES WITH RESPECT TO SUBSTANTIALLY
ALL ASSETS, (II) APPROVING CONTRACT ASSUMPTION AND
ASSIGNMENT PROCEDURES, (III) SCHEDULING BID DEADLINES,
AN AUCTION, AND THE HEARINGS AND OBJECTION DEADLINES RELATED
THERETO, AND (IV) APPROVING THE FORM AND MANNER OF NOTICE THEREOF**

Upon the motion (the "**Motion**")[2] filed on October 23, 2019 by the above-captioned debtors and debtors in possession (each a "**Debtor**" and collectively, the "**Debtors**"), pursuant to sections 105, 363 and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "**Bankruptcy Code**"), and Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), for entry of an order (this "**Bid Procedures Order**"): (i) approving the bid procedures in the form annexed hereto as **Exhibit 1** (as amended or modified, the "**Bid Procedures**") to be implemented in connection with a sale (the "**Sale**") of all or substantially all of the Debtors' assets (the "**Assets**"); (ii) scheduling an auction and hearing to consider the sale of the Assets; (iii) approving procedures for the assumption and assignment of executory contracts and unexpired leases; (iv) approving the form and manner of notice of the

---

[1] The debtor entities in these chapter 11 cases, along with the last four digits of each Debtor entity's federal tax identification number, are: Dura Automotive Systems Cable Operations, LLC (7052); Dura Automotive Systems, LLC (8111); Dura Fremont L.L.C. (1252); Dura G.P. (8092); Dura Mexico Holdings, LLC (4188); Dura Operating, LLC (2304); and NAMP, LLC (3693). Dura Automotive Systems, LLC's service address is: 1780 Pond Run, Auburn Hills, Michigan 48326.

[2] Unless otherwise indicated, capitalized terms used but not otherwise defined herein shall have the meanings ascribed thereto in the Bid Procedures, and if not defined in the Bid Procedures, the Motion.

foregoing, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; the Court, having determined that the relief provided herein is in the best interests of the Debtors, their estates, creditors and other parties in interest and calculated to result in the highest or otherwise best offer for the Assets, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and due and adequate notice of the Motion having been given under the circumstances; and upon the record of the hearing to consider approval of the Motion and the arguments and representations of counsel made, and the evidence proffered or adduced at such hearing, and the full record of these chapter 11 cases; and after due deliberation thereon; and good and sufficient cause appearing therefore:

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.    The Court has jurisdiction to consider the Motion and the transactions contemplated therein pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b).  Consideration of the Motion and the requested relief is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

B.    The Motion and the Bid Procedures comply with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

C.    The notice given by the Debtors of the Motion and the hearing with respect to the Motion constitutes proper, timely, adequate, and sufficient notice thereof and complies with the

Bankruptcy Code, the Bankruptcy Rules, and applicable Local Rules, and no other or further notice is necessary, except as set forth herein with respect to the Auction and Sale Hearing.

D. A reasonable opportunity to object or to be heard regarding the relief provided herein with respect to the Motion has been afforded to parties in interest.

E. The Notice Procedures set forth herein are appropriate and reasonably calculated to provide all interested parties with timely and proper notice of the Auction, the Bid Procedures to be employed in connection therewith, the Sale and the Sale Hearing. The Notice Procedures comply with Bankruptcy Rule 2002 and constitute sufficient notice to all interested parties and provide sufficient notice of the proposed Sale and related transactions.

F. The Debtors have articulated good and sufficient business reasons for this Court to approve (i) the Bid Procedures; (ii) the scheduling of the Auction and the Sale Hearing; (iii) procedures for the assumption and assignment of executory contracts and unexpired leases; and (iv) related notices and deadlines in connection with each of the foregoing. Such good and sufficient reasons were set forth in the Motion or have been described at the hearing, are incorporated by reference herein, and, among other things, form the basis of the findings of fact and conclusions of law set forth herein. The Debtors have demonstrated that the Bid Procedures are fair, reasonable and appropriate and are designed to maximize the value of the Debtors' estates.

G. The Bid Procedures are reasonably designed to enable the Debtors to receive bids for the Assets and represent the best method for maximizing the realizable value of the Assets and serve to maximize the value of the Debtors' estates for the benefit of all of the Debtors' stakeholders and parties in interest.

H.  The Sale Notice is reasonably calculated to provide all interested parties with timely and proper notice of the Auction, including the date, time, and place of the Auction (if one is held) and the Bid Procedures and certain dates and deadlines related thereto, and no other or further notice of the Auction shall be required.

I.  The Assumption and Assignment Procedures are reasonable and appropriate.

J.  Entry of this Bid Procedures Order and the granting of relief set forth herein are in the best interests of the Debtors, their estates, creditors and other parties in interest.

**IT IS HEREBY ORDERED THAT:**

1. The relief requested in the Motion as it relates to the Bid Procedures, the procedures for approval of Bid Protections set forth herein and the scheduling of and notice to be approved with respect to the Auction and the Sale Hearing is granted and approved as set forth in this Bid Procedures Order.

2. All objections and responses to the Motion or the relief provided herein that have not been withdrawn, waived or settled, and all reservations of rights included therein, are hereby overruled and denied on the merits.

3. The Bid Procedures, attached hereto as **Exhibit 1**, are incorporated herein and are approved in their entirety, and shall apply with respect to the sale of the Assets. The failure to specifically include or reference a particular provision of the Bid Procedures in the Motion or in this Bid Procedures Order shall not diminish or impair the effectiveness of such provision. The Debtors are authorized to take all actions necessary or appropriate to implement the Bid Procedures. Notwithstanding the foregoing, the consummation of the Sale shall remain subject to entry of a further order of this Court (the "**Sale Order**") which shall serve as an order approving the Sale of the Assets, as applicable, free and clear of any interests under section 363(f) of the

Bankruptcy Code to the extent permitted by applicable law and provided for in the Sale Order. In the event of an inconsistency between the express terms of this Bid Procedures Order and the express terms of the Bid Procedures, the Bid Procedures Order shall control.

4. The Debtors are hereby authorized to pursue a Sale of the Assets in accordance with the Bid Procedures.

5. In accordance with the Bid Procedures, the Debtors may enter into a Stalking Horse Agreement, subject to higher or otherwise better offers at the Auction. Absent further order of the Court, any Stalking Horse Agreement must limit the break-up fee (if any) to an amount no greater than 3% of the cash portion of the purchase price, and limit the expense reimbursement, if any, to an amount no greater than $750,000; *provided*, *however*, that no break-up fee or expense reimbursement in any amount is being approved herein and any such approval shall be subject to further order of this Court as set forth herein. In the event that the Debtors determine to enter into a Stalking Horse Agreement, upon such selection, the Debtors shall file a notice and proposed order on the Court's docket and serve such notice and proposed order on the core 2002 service list, as well as all other Acceptable Bidders. Such notice shall set forth the identity of the proposed Stalking Horse Bidder, the amount of the bid proposed by the proposed Stalking Horse Bidder, whether the proposed Stalking Horse Bidder has any connection to the Debtors other than those that arise from the bid submitted by the proposed Stalking Horse Bidder, and any proposed bid protections. The notice shall attach the purchase agreement finalized with the proposed Stalking Horse Bidder, and shall include any evidence the Debtors propose that the Court to consider in connection with any request to approve bid protections. Parties shall have ten calendar days' notice of and an opportunity to object to the designation of such Stalking Horse Bidder, any Breakup Fee or Expense Reimbursement proposed and entry

into the Stalking Horse Agreement (subject to Court approval by entry of the Sale Order), and absent objection within such ten-day period, the Debtors may submit an order to the Court upon certification of counsel approving the selection of such Stalking Horse Bidder, granting the Stalking Horse Bidder the Breakup Fee and Expense Reimbursement and entry into the Stalking Horse Agreement (subject to Court approval by entry of the Sale Order). Any objection shall be resolved by the Court following a hearing.

6. The process for submitting Qualified Bids is fair, reasonable, and appropriate and is designed to maximize recoveries for the benefit of the Debtors' estates, their creditors and other parties in interest. Any disputes as to the selection of a Qualified Bidder, the Successful Bidder and the Backup Bidder shall be resolved by this Court.

7. All information relating to the Assets provided to assist a person or entity in evaluating whether to participate in the Auction is confidential. Any person or entity that is provided with such information (i) shall use such information solely for the purpose of evaluating whether to participate in the Auction, (ii) shall not use such information for any other purpose, (iii) shall hold such information in strict confidence, (iv) shall not, directly or indirectly, disclose any of such information, subject to certain limited exceptions as set forth in the applicable Confidentiality Agreement, (v) shall undertake reasonable precautions to protect the confidentiality of such information, and (vi) shall be solely responsible for any ramifications resulting from any disclosure of such information.

8. As further described in the Bid Procedures, the deadline for submitting Bids for the Assets (the "**Bid Deadline**") is **January 22, 2020 at 5:00 p.m. (prevailing Eastern Time).**

9. The Debtors are authorized to conduct the Auction in the event they receive two or more acceptable Qualified Bids in accordance with the Bid Procedures. If the Debtors do not

receive more than one Qualified Bid, then (a) the Debtors will not hold the Auction, (b) the sole Qualified Bidder may be deemed to be the Successful Bidder, and (c) the Debtors may seek approval of the Qualified Bid by such Qualified Bidder at the Sale Hearing, as to each, subject to the fiduciary out provision in the Bid Procedures and consultation with the Consultation Parties.

10. If there are two or more Qualified Bids received in accordance with the Bid Procedures, the Auction shall take place on **January 27, 2020 at 10:00 a.m. (prevailing Eastern Time)** at the offices of Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, or such other place and time as the Debtors shall notify all parties in interest attending the Auction, including any creditors that notify the Debtors' counsel in writing, which may be via electronic mail, by no later than January 23, 2020, that they plan to attend. The Auction shall be conducted in accordance with the Bid Procedures, will be conducted openly, and all creditors who provide notice as set forth in the preceding sentence may attend. The proceedings at the Auction will be transcribed.

11. The Sale Hearing shall be held before this Court on **February 11, 2020 at 10:00 a.m. (prevailing Eastern Time)** or as soon thereafter as counsel and interested parties may be heard. Objections, if any, to the Sale of the Assets to any Successful Bidder and/or the relief requested in the Motion, other than the relief approved in this Order, must be in writing and filed with the Court (a) if a Stalking Horse Bid is selected by January 2, 2020, **on or before the later of (i) January 7, 2020 and (ii) twenty-one days after the announcement of a Stalking Horse Bid, in each case at 5:00 p.m. (prevailing Eastern Time)**; provided, however, that objections solely stemming from the identity of the Successful Bidder (if different than the Stalking Horse Bidder (if any)), including any objections relating to adequate assurance of such Successful Bidder (if different than the Stalking Horse Bidder (if any)), or terms of the Stalking

7

Horse Bid that were modified after the Sale Motion Objection Deadline must be filed by **February 5, 2020 at 5:00 p.m. (prevailing Eastern Time)**, (b) if a Stalking Horse Bid is **not** selected by January 2, 2020, then by **February 5, 2020 at 5:00 p.m. (prevailing Eastern Time)**.

12. The Debtors shall file and serve a statement with the Court promptly after the close of the Auction (and in any event no later than two business days after (a) the conclusion of the Auction or (b) the date on which the Debtors cancel the Auction) with the identity of the Successful Bidder and Backup Bidder for the Assets and the terms of the Successful Bid and Backup Bid, as applicable. At that same time, the Debtors shall serve notice of the same by fax, email, or if neither is available, overnight mail, to all counterparties whose contracts are to be assumed and assigned that have notified Debtors' counsel as of such date that they desire such immediate notice.

13. Except as otherwise provided in this Bid Procedures Order or in the Bid Procedures, the Debtors, in their business judgment, further reserve the right as they may reasonably determine to be in the best interests of their estates, in each case subject to the terms and conditions under the Bid Procedures, including any consultation rights in the Bid Procedures, to: (a) determine which Potential Bidders are Qualified Bidders; (b) determine which Bids are Qualified Bids; (c) determine which Qualified Bid is the highest or otherwise best proposal, the Successful Bid, and which is the next highest or otherwise best proposal, the Backup Bid, in each case in accordance with the Bid Assessment Criteria; (d) reject any bid that is (i) not in conformity with the requirements of the Bid Procedures or the requirements of the Bankruptcy Code, or (ii) contrary to the best interests of the Debtors and their estates; (e) waive terms and conditions set forth herein with respect to all Qualified Bidders to the extent permissible under the Bid Procedures; (f) impose additional terms and conditions with respect to

all Qualified Bidders; and (g) modify the Bid Procedures or withdraw the request to sell the Assets, as applicable, to the Successful Bidder or Backup Bidder, as applicable, at any time with or without prejudice. For the avoidance of doubt, the foregoing neither provides the Debtors with any rights to modify this Bid Procedures Order or the Bid Procedures in any manner that is inconsistent with the terms of the orders approving the Debtors' debtor-in-possession financing facility.

14.     The Sale Notice, substantially in the form attached hereto as **Exhibit 2**, is hereby approved.  As soon as practicable, but in no event later than 5 business days after entry of this Order, the Debtors shall serve this Order, the Bid Procedures, Sale Notice, and Cure Notice upon the Notice Parties.  As used in this Order, the term "Notice Parties" means: (a) the office of the U.S. Trustee for the District of Delaware; (b) the holders of the 50 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the agent under the Debtors' prepetition secured term loan credit agreement; (d) counsel to the agent under the Debtors' debtor-in-possession financing facility; (e) the offices of the attorneys general for the states in which the Debtors operate; (f) the United States Attorney's Office for the District of Delaware; (g) the Internal Revenue Service; (h) all state and local taxing authorities in the jurisdictions in which the Debtors have or may have any tax liability; (i) all governmental agencies that regulate the Debtors' business; (j) all entities known by the Debtors to have asserted any lien, claim, interest or encumbrance in or on any of the assets to be sold; (k) counsel to the Official Committee of Unsecured Creditors, and (m) any party that has requested notice pursuant to Bankruptcy Rule 2002.  In addition, as soon as practicable, but in no event later than 10 business days after entry of this Order, the Debtors will publish the Sale Notice, with any modifications

necessary for ease of publication, once in *The New York Times (National Edition)*, *The Detroit Free Press*, and *The Tennessean* to provide notice to any other potential interested parties.

15. The Assumption and Assignment Procedures set forth in the Bid Procedures Motion regarding the assumption and assignment of the Assigned Contracts proposed to be assumed by the Debtors and assigned to a Successful Bidder are approved.

16. As soon as practicable after entry of this Order, but in no event later than December 10, 2019, the Debtors shall file with the Court and serve via first class mail or overnight delivery, the Cure Notice annexed as **Exhibit 3** to this Order on all Contract Counterparties, and post the Cure Notice to the Case Website (https://cases.primeclerk.com/DuraAutomotive) under a separate section setting forth information relating to the Sale.

17. The Cure Notice shall notify the applicable Contract Counterparties that the Assigned Contracts may be subject to assumption and assignment in connection with a proposed sale transaction, and contain the following information: (i) a list of the Assigned Contracts; (ii) the applicable Contract Counterparties; (iii) the Debtors' good faith estimates of the Cure Costs; and (iv) the deadline by which any Contract Counterparty to an Assigned Contract may file an objection to the proposed assumption, assignment, cure, and/or adequate assurance and the procedures relating thereto, and the other information set forth in Exhibit 3 to this Order; *provided* that service of a Cure Notice does not constitute an admission that such Assigned Contract is an executory contract or unexpired lease or that such Assigned Contract will be assumed at any point by the Debtors or assumed and assigned to the Successful Bidder.

18. Objections, if any, to a Cure Notice must: (i) be in writing; (ii) comply with the applicable provisions of the Bankruptcy Rules, Local Bankruptcy Rules, and any order

governing the administration of these chapter 11 cases; (iii) state with specificity the nature of the objection and, if the objection pertains to the proposed Cure Costs, state the cure amount alleged to be owed to the objecting Contract Counterparty, together with any applicable and appropriate documentation in support thereof; and (iv) be filed with the Court and served on counsel to the Debtors prior to **January 7, 2020, at 5:00 p.m. (prevailing Eastern Time)**; *provided* that the Debtors, subject to the consultation with the Consultation Parties, may extend the Cure Objection Deadline by filing a notice of such extension on the Court's docket.

19. A properly filed and served objection to a Cure Notice will reserve such objecting party's rights against the Debtors only with respect to the assumption and assignment of the Assigned Contract at issue, and/or objection to the accompanying Cure Costs, as set forth in the objection, but will not constitute an objection to the remaining relief requested in the Sale to the Successful Bidder. If a party also has an objection to the Sale, such party must separately articulate such objection (which may be included in the same objection to the Cure Notice).

20. Any objection to the proposed assumption and assignment of an Assigned Contract, or Cure Costs, that remain unresolved as of the Sale Hearing, shall be heard at the Sale Hearing (or at such later date as may be fixed by the Court). Upon entry of an order by the Court resolving such Assigned Contract Objection, the assignment, if approved by the Court, shall be deemed effective as of the later of either (i) the date such Contract Counterparty receives payment of the cure amount, or (ii) the Closing Date. If an Assigned Contract Objection is not resolved to the satisfaction of the Successful Bidder, the Successful Bidder may determine that such Assigned Contract should be rejected and not assigned, in which case the Successful Bidder will not be responsible for any Cure Costs in respect of such contract.

21. The Debtors reserve the right, subject to consultation with the Consultation Parties, at any time after the Assumption and Assignment Service Date and before the closing of a Sale Transaction, to: (a) supplement the Assigned Contract Schedule attached to the Cure Notice with previously omitted Assigned Contracts in accordance with the definitive agreement for a Sale; (b) remove any Assigned Contracts from the list of executory contracts and unexpired leases ultimately selected as Assigned Contracts that a Successful Bidder proposes be assumed and assigned to it in connection with a Sale or add to such list; and/or (c) modify the previously stated Cure Cost associated with any Assigned Contracts.  In the event that the Debtors exercise any of the rights reserved above, the Debtors will promptly provide the Consultation Parties with notice and an opportunity to object to any such actions (with any unresolved objection being adjudicated by the Court), and thereafter will serve a Supplemental Cure Notice by electronic transmission, hand delivery, or overnight mail on the applicable Contract Counterparty, and its attorney, if known, to each impacted Assigned Contract at the last known address available to the Debtors.  Each Supplemental Cure Notice will include the same information with respect to listed Assigned Contracts as was included in the Cure Notice. Any Assigned Contract Counterparty listed on a Supplemental Cure Notice may file a Supplemental Assigned Contract Objection only if such objection is to the proposed assumption and assignment of the applicable Assigned Contract or the proposed Cure Costs, if any.  All Supplemental Assigned Contract Objections must:  (a) state with specificity the legal and factual basis thereof as well as what Cure Costs the objecting party believes are required, if any; (b) include appropriate documentation in support of the objection; and (c) be filed and served on the Objection Recipients no later than fourteen days from the date of service of such Supplemental Cure Notice, which date will be set forth in the Supplemental Cure Notice.

22. If a Contract Counterparty files a Supplemental Assigned Contract Objection in a manner that is consistent with the requirements set forth above, and the parties are unable to consensually resolve the dispute, the Debtors will seek a Supplemental Assigned Contract Hearing to determine the Cure Costs, if any, and approve the assumption of the relevant Assigned Contracts. If there is no such objection, then the Debtors will obtain a Supplemental Assigned Contract Order, including by filing a certification of no objection, fixing the Cure Costs and approving the assumption of any Assigned Contract listed on a Supplemental Cure Notice.

23. Subject to paragraph 24 hereof, if a Contract Counterparty does not file and serve an Assigned Contract Objection or Supplemental Assigned Contract Objection in a manner that is consistent with the requirements set forth above, and absent a subsequent order of the Court establishing an alternative Cure Cost, (a) the Cure Costs, if any, set forth in the Cure Notice (or Supplemental Cure Notice) shall be controlling, notwithstanding anything to the contrary in any Assigned Contract or any other document, and (b) the Contract Counterparty will be deemed to have consented to the assumption and assignment of the Assigned Contract and the Cure Costs, if any, and will be forever barred from objecting to the assumption and assignment of such Assigned Contract and rights thereunder, including the Cure Costs, if any, and from asserting any other claims related to such Assigned Contract against the Debtors or the Successful Bidder, or the property of any of them.

24. Any objections to the Successful Bidder's proposed form of adequate assurance of future performance must be filed no later than the later of (a) 5:00 p.m. (prevailing Eastern Time) on February 5, 2020, and (b) 5:00 p.m. (prevailing Eastern Time) on the date that is 14 days following the date of Service of the Supplemental Cure Notice, if applicable. Such

objections will be resolved at the Sale Hearing or Supplemental Assigned Contract Hearing, as applicable. The Debtors may adjourn the resolution of any such objection to a later hearing.

25. The inclusion of an Assigned Contract in the Cure Notice (or Supplemental Cure Notice) will not: (a) obligate the Debtors to assume any Assigned Contract listed thereon or obligate the Successful Bidder to take assignment of such Assigned Contract; or (b) constitute any admission or agreement of the Debtors that such Assigned Contract is an executory contract or unexpired lease. Only those Assigned Contracts that are included on a schedule of assumed and assigned contracts attached to the definitive sale agreement with the Successful Bidder (including amendments or modifications to such schedules in accordance with such agreement) will be assumed and assigned to the Successful Bidder.

26. The dates set forth on the attached Schedule 1 are hereby approved.

27. This Order, the Sale Notice, the Cure Notice, any notice of a Stalking Horse Agreement, including all attachments, along with any other sale-related documents shall be posted on the website of the Debtors' claims agent under a separate section setting forth information relating to the Sale.

28. The 14-day stay provided for in Bankruptcy Rule 6004(h) is waived, for cause, and this Bid Procedures Order shall be effective immediately upon its entry.

29. All time periods set forth in this Bid Procedures Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

30. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the interpretation and implementation of this Bid Procedures Order.

Dated: November 19th, 2019
Wilmington, Delaware

KAREN B. OWENS
UNITED STATES BANKRUPTCY JUDGE