# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DURA AUTOMOTIVE SYSTEMS, LLC, *et al.*,[1] | ) | Case No. 19-12378 (KBO) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## SUPPLEMENTAL ATTORNEY'S DECLARATION IN SUPPORT OF APPLICATION TO EMPLOY BRADLEY ARANT BOULT CUMMINGS LLP AS NASHVILLE TENNESSEE COUNSEL

I, William L. Norton III, at the request of the U.S. Trustee, and in support of the Application (Docket No. 205) of the above Debtors for employment of Bradley Arant Boult Cummings LLP ("Bradley") as Nashville, Tennessee counsel for the Debtors in these Chapter 11 cases, hereby supplement the Declaration attached to the Application as follows:

1. The only services that Bradley has provided for the Debtors since transfer of these Chapter 11 cases to Delaware is to respond to inquiries made by various creditors as to the status of this Chapter 11 case and to respond to questions from the U.S. Trustee for the District of Delaware regarding the Application for approval as Nashville counsel in these Chapter 11 cases. It is anticipated that the number of inquiries will decline now that the cases have been transferred to Delaware for several weeks and that the need for services by Bradley will decline other than to complete the employment application process and file any required applications for fees.

---

[1] The debtor entities in these chapter 11 cases, along with the last four digits of each Debtor entity's federal tax identification number, are: Dura Automotive Systems Cable Operations, LLC (7052); Dura Automotive Systems, LLC (8111); Dura Fremont L.L.C. (1252); Dura G.P. (8092); Dura Mexico Holdings, LLC (4188); Dura Operating, LLC (2304); and NAMP, LLC (3693). Dura Automotive Systems, LLC's service address is: 1780 Pond Run, Auburn Hills, Michigan 48326.

2. In connection with the proposed retention by the Debtors in these Chapter 11 cases, Bradley undertook to determine whether it had any conflicts or other relationships that might cause it not to be disinterested or to hold or represent an interest adverse to the Debtors. Specifically, Bradley obtained from the Debtors and their representatives the names of the individuals and entities that may be creditors or parties in interest in these Chapter 11 cases. Such parties are listed on Schedule 1 attached hereto. Bradley has searched its electronic database for its connection to the entities listed on Schedule 1. To the extent that I have been able to ascertain that Bradley has been retained within the last three years to represent any party listed on Schedule 1, they are disclosed on Schedule 2 attached hereto. None of the representations listed on Schedule 2 involve matters that are connected with the Debtors.

3. None of the entities listed on Schedule 2 represent more than 1% of Bradley's fee receipts for the twelve-month period ending on December 31, 2018.

4. To the best of my knowledge, Bradley is a "disinterested person" within the meaning of § 101(14) of the Bankruptcy Code, as required by § 327(a) of the Bankruptcy Code and does not hold or represent an interest adverse to the Debtors' estates.

5. Bradley did not receive any payments from the Debtors prior to the filing of the Chapter 11 petitions other than the $75,000.00 that was applied to the payment of pre-petition fees and expenses as of October 16, 2019. Approximately $65,000 is being held as a retainer for future allowed post-petition fees and expenses.

6. The following is provided in response for request for additional information set forth in Paragraph D. 1. of the Revised UST Guidelines:

   a. Question: Did Bradley agree to any variation from, or alternatives to, Bradley's standard billing arrangements for this engagement?

Answer: No.

b. Question: Do any of Bradley's professionals in this engagement vary their rate based on geographic location of the Debtors' Chapter 11 cases?

Answer: No.

c. Question: If Bradley has represented the Debtors at any time during the twelve months, before the filing of the petition, disclose Bradley's billing rates and material financial terms for the pre-petition engagement, including any adjustments during the twelve-month petition.

Answer: Not applicable.

d. Question: Have the Debtors approved Bradley's budget and staffing plan, and if so, for what budget period?

Answer: Yes, for the period from the Petition Date through January 31, 2020.

THIS 26th day of November, 2019.

                                         */s/ William L. Norton III*
                                         William L. Norton III (#10075)
                                         Bradley Arant Boult Cummings LLP
                                         1600 Division St., Suite 700
                                         Nashville, TN  37203
                                         615-252-2397
                                         bnorton@bradley.com