**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DURA AUTOMOTIVE SYSTEMS, LLC, *et al.*,[1] | ) | Case No. 19-12378 (KBO) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**DEBTORS' APPLICATION FOR AN ORDER AUTHORIZING**
**EMPLOYMENT AND RETENTION OF PRIME CLERK LLC AS**
**ADMINISTRATIVE ADVISOR *NUNC PRO TUNC* TO THE PETITION DATE**

The above-captioned debtors and debtors in possession (collectively, the "Debtors")

respectfully state as follows in support of this application (this "Application").

**Relief Requested**

1.       On October 17, 2019 (the "Petition Date"), the Debtors filed an application (the

"Section 156(c) Application") for entry of an order appointing Prime Clerk LLC ("Prime Clerk")

as claims and noticing agent in these chapter 11 cases.  On October 21, 2019, the United States

Bankruptcy Court for the Middle District of Tennessee entered the *Expedited Order Authorizing*

*Retention and Appointment of Prime Clerk LLC as Claims and Noticing Agent* [Docket No. 113]

appointing Prime Clerk as claims and noticing agent in these chapter 11 cases.  The Debtors

believe that the administration of these chapter 11 cases will require Prime Clerk to also perform

duties outside the scope requested in the Section 156(c) Application.  Therefore, to enable Prime

Clerk to provide services outside the scope of the order approving the Section 156(c)

Application, the Debtors hereby seek entry of an order, substantially in the form attached hereto

---

[1]      The debtor entities in these chapter 11 cases, along with the last four digits of each Debtor entity's federal tax identification number, are:  Dura Automotive Systems Cable Operations, LLC (7052); Dura Automotive Systems, LLC (8111); Dura Fremont L.L.C. (1252); Dura G.P. (8092); Dura Mexico Holdings, LLC (4188); Dura Operating, LLC (2304); and NAMP, LLC (3693).  Dura Automotive Systems, LLC's service address is: 1780 Pond Run, Auburn Hills, Michigan 48326.

as **Exhibit A** (the "Retention Order"), authorizing the employment and retention of Prime Clerk as administrative advisor ("Administrative Advisor") in the Debtors' chapter 11 cases effective *nunc pro tunc* to the Petition Date in accordance with the terms and conditions set forth in that certain Engagement Agreement between the Debtors and Prime Clerk, effective as of October 8, 2019 (the "Engagement Agreement"), a copy of which is attached hereto as **Exhibit C**.  In support of this Application, the Debtors submit the Declaration of Benjamin J. Steele, Vice President of Prime Clerk (the "Steele Declaration"), attached hereto as **Exhibit B**, and respectfully represent as follows.

### Jurisdiction and Venue

2.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  The Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein are sections 327 and 330 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules.

## Background[2]

5.      Dura Automotive Systems, LLC, together with its Debtor and non-Debtor affiliates (collectively, the "Company"), is a leading independent designer and manufacturer of automotive systems, including mechatronic systems, exterior systems, and lightweight structural systems, among others.  The Company's main product lines generate approximately $1.0 billion in global sales annually.  Headquartered in Auburn Hills, Michigan, the Company employs approximately 7,400 individuals.  As of the Petition Date, the Debtors' aggregate prepetition funded indebtedness totaled approximately $130 million.

6.      On the Petition Date, the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Tennessee.  The Debtors are operating their businesses and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to Bankruptcy Rule 1015(b) [Docket No. 120].  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.  On November 1, 2019, the United States Trustee for the Middle District of Tennessee appointed an official committee of unsecured creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [Docket No. 213].

7.      On November 1, 2019, the Court entered an agreed order in the bankruptcy cases captioned *In re Zohar III, Corp., et al.*, Case No. 18-10512 (KBO) (Bankr. D. Del.) (the "Zohar

---

[2]     A detailed description of the Debtors and their businesses, and the facts and circumstances supporting this Application and the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Kevin Grady, Executive Vice President and Chief Financial Officer of Dura Automotive Systems, LLC, in Support of Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 20] (the "First Day Declaration"), incorporated by reference herein.

Chapter 11 Cases") transferring the Debtors' chapter 11 cases to this Court, effective as of November 8, 2019 at 12:01 a.m. [Zohar Chapter 11 Cases Docket No. 1060]. These chapter 11 cases are being administered separately from the Zohar Chapter 11 Cases.

### Prime Clerk's Qualifications

8.    Prime Clerk is comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases. Prime Clerk's professionals have experience in noticing, claims administration, solicitation, balloting, and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity. Prime Clerk's professionals have acted as debtor's counsel, official claims and noticing agent, and/or administrative advisor in many large bankruptcy cases in this district and in other districts nationwide. Prime Clerk's active and former cases include: *Forever 21, Inc.*, No. 19-12122(KG) (Bankr. D. Del.); *Things Remembered, Inc.*, No. 19-10234 (KG) (Bankr. D. Del.); *Checkout Holding Corp.*, No. 18-12794 (KG) (Bankr. D. Del.); *Fairway Energy, LP*, No. 18-12684 (LSS) (Bankr. D. Del.); *Dixie Electric, LLC*, No. 18-12477 (KG) (Bankr. D. Del.); *New MACH Gen GP, LLC*, No. 18-11369 (MFW) (Bankr. D. Del.); *Gibson Brands, Inc.*, No. 18-11028 (CSS) (Bankr. D. Del.); *Bertucci's Holdings, Inc.*, No. 18-10894 (MFW) (Bankr. D. Del.); *EV Energy Partners, L.P.*, No. 18-10814 (CSS) (Bankr. D. Del.); *Claire's Stores, Inc.*, No. 18-10584 (MFW) (Bankr. D. Del.); *The Bon-Ton Stores, Inc.*, No. 18-10248 (MFW) (Bankr. D. Del.); *Orchard Acquisition Company, LLC*, No. 17-12914 (KG) (Bankr. D. Del.); *Rentech WP U.S., Inc.*, No. 17-12958 (CSS) (Bankr. D. Del.); *Appvion, Inc.*, No. 17-12082 (KJC) (Bankr. D. Del.); *Purdue Pharma L.P.*, No. 19-23649 (RDD) (Bankr. S.D.N.Y.); *Alta Mesa Resources, Inc.*, No. 19-5133 (MI) (Bankr. S.D. Tex.); *Sanchez Energy Corporation*, No. 19-34508 (MI) (Bankr. S.D. Tex.); *Global Brokerage, Inc.*, No. 17-13532

(MEW) (Bankr. S.D.N.Y.); *Global A&T Electronics Ltd.*, No. 17-23931 (RDD) (Bankr. S.D.N.Y.); *Pacific Drilling S.A.*, No. 17-13193 (MEW) (Bankr. S.D.N.Y.); *Walter Investment Management Corporation*, No. 17-13446 (JLG) (Bankr. S.D.N.Y.); *Castex Energy Partners, L.P.*, No. 17-35835 (MI) (Bankr. S.D. Tex.); and *Toys "R" Us, Inc.*, No. 17-34665 (KLP) (Bankr. E.D. Va.).

## Services to be Provided

9.      Pursuant to the Engagement Agreement, the Debtors seek to retain Prime Clerk to provide, among other things, the following bankruptcy administration services, if and to the extent requested:

> (a)      assist with, among other things, solicitation, balloting, and tabulation of votes, and prepare any related reports, as required in support of confirmation of a chapter 11 plan, and in connection with such services, process requests for documents from parties in interest, including, if applicable, brokerage firms, bank back-offices, and institutional holders;
>
> (b)      prepare an official ballot certification and, if necessary, testify in support of the ballot tabulation results;
>
> (c)      assist with the preparation of the Debtors' schedules of assets and liabilities and statements of financial affairs and gather data in conjunction therewith;
>
> (d)      provide a confidential data room, if requested;
>
> (e)      manage and coordinate any distributions pursuant to a chapter 11 plan; and
>
> (f)      provide such other processing, solicitation, balloting, and other administrative services described in the Engagement Agreement, but not included in the Section 156(c) Application, as may be requested from time to time by the Debtors, the Court or the Office of the Clerk of the Court.

## Professional Compensation

10.      The fees Prime Clerk will charge in connection with providing services to the Debtors are set forth in the Engagement Agreement.  The Debtors respectfully submit that Prime

Clerk's rates are competitive and comparable to the rates its competitors charge for similar services.  Indeed, the Debtors conducted a review and competitive comparison of other firms and reviewed the rates of other firms before selecting Prime Clerk as Administrative Advisor.  The Debtors believe Prime Clerk's rates are more than reasonable given the quality of Prime Clerk's services and its professionals' bankruptcy expertise.  Additionally, Prime Clerk will seek reimbursement from the Debtors for reasonable expenses in accordance with the terms of the Engagement Agreement.

11.     Prime Clerk intends to apply to the Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in connection with the services it provides as Administrative Advisor pursuant to the Engagement Agreement.  Prime Clerk will comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any orders entered in these chapter 11 cases regarding professional compensation and reimbursement of expenses.

12.     Additionally, under the terms of the Engagement Agreement, the Debtors have agreed to indemnify, defend, and hold harmless Prime Clerk and its members, directors, officers, employees, representatives, affiliates, consultants, subcontractors, and agents under certain circumstances specified in the Engagement Agreement, except in circumstances resulting solely from Prime Clerk's fraud, gross negligence, or willful misconduct or as otherwise provided in the Engagement Agreement or order entered by this Court.  The Debtors believe that such an indemnification obligation is customary, reasonable and necessary to retain the services of an Administrative Advisor in these chapter 11 cases.

**Disinterestedness**

13.     Prime Clerk has reviewed its electronic database to determine whether it has any relationships with the creditors and parties in interest provided by the Debtors, and, to the best of the Debtors' knowledge, information, and belief, and except as disclosed in the Steele Declaration, Prime Clerk is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent any interest materially adverse to the Debtors' estates in connection with any matter on which it would be employed.

14.     Prime Clerk believes that it does not have any relationships with creditors or parties in interest that would present a disqualifying conflict of interest.  Prime Clerk will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.

**Basis for Relief**

15.     Section 327(a) of the Bankruptcy Code provides that a debtor, subject to court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

16.     Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, and proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee.

Fed. R. Bankr. P. 2014.

17.     Additionally, Local Rule 2014-1 requires an entity seeking approval of employment under section 327(a) of the Bankruptcy Code to file a motion, supporting affidavit and proposed order, all of which have been satisfied by this Application, the Steele Declaration, and the Retention Order, attached hereto, respectively as **Exhibit B** and **Exhibit A**.  Further, in accordance with Local Rule 2014-1, Prime Clerk acknowledges its continuing duty to supplement the Steele Declaration with additional material information relating to the employment of Prime Clerk, if necessary.

18.     In light of the size and complexity of these chapter 11 cases, the Debtors respectfully submit that retaining and employing Prime Clerk pursuant to the terms of the Engagement Agreement is necessary and in the best interests of the Debtors' estates and all parties in interest to these chapter 11 cases.  The Debtors also believe that the terms and conditions of the Engagement Agreement are reasonable in light of the anticipated high volume of creditors and other parties in interest that will be involved in these cases.

19.     Accordingly, to help manage administrative tasks with respect to the thousands of creditors and other parties in interest that are expected to be involved in the Debtors' chapter 11 cases, and the complexity of such cases, the Debtors respectfully request the Court enter an order appointing Prime Clerk as the Administrative Advisor in these chapter 11 cases pursuant to sections 327(a), 330, and 331 of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1.

### Notice

20.     The Debtors will provide notice of this Application to the following parties or their respective counsel:  (a) the U.S. Trustee; (b) the Committee; (c) counsel to the agent under

the Debtors' prepetition secured term loan credit agreement; (d) counsel to the agent under the Debtors' debtor-in-possession financing facility; (e) the offices of the attorneys general for the states in which the Debtors operate; (f) the United States Attorney's Office for the District of Delaware; (g) the Internal Revenue Service; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors request entry of an order, substantially in the form attached hereto as **Exhibit A**, authorizing the employment and retention of Prime Clerk as Administrative Advisor for the Debtors and granting such other relief as may be appropriate.

Dated:  November 26, 2019
        Wilmington, Delaware

*/s/ Marc Beilinson*
_____

Marc Beilinson
Independent Manager
Dura Automotive Systems, LLC and Dura Operating, LLC,
on behalf of themselves and their Debtor affiliates