**Exhibit B**

**Steele Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| DURA AUTOMOTIVE SYSTEMS, LLC, *et al.*,[1] | ) ) ) | Case No. 19-12378 (KBO) |
| Debtors. | ) ) ) | (Jointly Administered) |

**DECLARATION OF BENJAMIN J. STEELE IN
SUPPORT OF DEBTORS' APPLICATION FOR AN ORDER
AUTHORIZING EMPLOYMENT AND RETENTION OF PRIME CLERK LLC
AS ADMINISTRATIVE ADVISOR *NUNC PRO TUNC* TO THE PETITION DATE**

I, Benjamin J. Steele, under penalty of perjury, declare as follows:

1. I am a Vice President of Prime Clerk LLC ("Prime Clerk"), a chapter 11 administrative services firm whose headquarters are located at One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, New York 10165. Except as otherwise noted, I have personal knowledge of the matters set forth herein, and if called and sworn as a witness, I could and would testify competently thereto.

2. This Declaration is made in support of the *Debtors' Application for an Order Authorizing Employment and Retention of Prime Clerk LLC as Administrative Advisor* Nunc Pro Tunc *to the Petition Date*, to which this declaration is attached (the "Application").[2]

3. Prime Clerk is comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases. Prime Clerk's professionals have experience in noticing, claims administration, solicitation,

---

[1] The debtor entities in these chapter 11 cases, along with the last four digits of each Debtor entity's federal tax identification number, are: Dura Automotive Systems Cable Operations, LLC (7052); Dura Automotive Systems, LLC (8111); Dura Fremont L.L.C. (1252); Dura G.P. (8092); Dura Mexico Holdings, LLC (4188); Dura Operating, LLC (2304); and NAMP, LLC (3693). Dura Automotive Systems, LLC's service address is: 1780 Pond Run, Auburn Hills, Michigan 48326.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Application.

balloting and facilitating other administrative aspects of chapter 11 cases and experience in matters of this size and complexity. Prime Clerk's professionals have acted as debtor's counsel, official claims and noticing agent, and/or administrative advisor in many large bankruptcy cases in this district and in other districts nationwide. Prime Clerk's active and former cases include: *Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del.); *Things Remembered, Inc.*, No. 19-10234 (KG) (Bankr. D. Del.); *Checkout Holding Corp.*, No. 18-12794 (KG) (Bankr. D. Del.); *Fairway Energy, LP*, No. 18-12684 (LSS) (Bankr. D. Del.); *Dixie Electric, LLC*, No. 18-12477 (KG) (Bankr. D. Del.); *New MACH Gen GP, LLC*, No. 18-11369 (MFW) (Bankr. D. Del.); *Gibson Brands, Inc.*, No. 18-11028 (CSS) (Bankr. D. Del.); *Bertucci's Holdings, Inc.*, No. 18-10894 (MFW) (Bankr. D. Del.); *EV Energy Partners, L.P.*, No. 18-10814 (CSS) (Bankr. D. Del.); *Claire's Stores, Inc.*, No. 18-10584 (MFW) (Bankr. D. Del.); *The Bon-Ton Stores, Inc.*, No. 18-10248 (MFW) (Bankr. D. Del.); *Orchard Acquisition Company, LLC*, No. 17-12914 (KG) (Bankr. D. Del.); *Rentech WP U.S., Inc.*, No. 17-12958 (CSS) (Bankr. D. Del.); *Appvion, Inc.*, No. 17-12082 (KJC) (Bankr. D. Del.); *Purdue Pharma L.P.*, No. 19-23649 (RDD) (Bankr. S.D.N.Y.); *Alta Mesa Resources, Inc.*, No. 19-5133 (MI) (Bankr. S.D. Tex.); *Sanchez Energy Corporation*, No. 19-34508 (MI) (Bankr. S.D. Tex.); *Global Brokerage, Inc.*, No. 17-13532 (MEW) (Bankr. S.D.N.Y.); *Global A&T Electronics Ltd.*, No. 17-23931 (RDD) (Bankr. S.D.N.Y.); *Pacific Drilling S.A.*, No. 17-13193 (MEW) (Bankr. S.D.N.Y.); *Walter Investment Management Corporation*, No. 17-13446 (JLG) (Bankr. S.D.N.Y.); *Castex Energy Partners, L.P.*, No. 17-35835 (MI) (Bankr. S.D. Tex.); and *Toys "R" Us, Inc.*, No. 17-34665 (KLP) (Bankr. E.D. Va.).

4.  As Administrative Advisor, Prime Clerk will perform the bankruptcy administration services specified in the Application and the Engagement Agreement. In

performing such services, Prime Clerk will charge the Debtors the rates set forth in the Engagement Agreement, which is attached as <u>Exhibit C</u> to the Application.

5. Prime Clerk is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, in that Prime Clerk and its professional personnel:

   (a) are not creditors, equity security holders, or insiders of the Debtors;

   (b) are not and were not, within two years before the date of the filing of these cases, directors, officers, or employees of the Debtors; and

   (c) do not have an interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors.

6. I caused to be submitted for review by our conflicts system the names of all known potential parties in interest (the "<u>Potential Parties in Interest</u>") in these chapter 11 cases listed in **<u>Schedule 1</u>**. The list of Potential Parties in Interest was provided by the Debtors and included the Debtors, non-Debtor affiliates, current and former directors and officers of the Debtors, significant stockholders, secured creditors, lenders, the Debtors' 50 largest unsecured creditors on a consolidated basis, contract counterparties, landlords, vendors, insurers, utilities, governmental authorities, the United States Trustee, and persons employed in the office of the United States Trustee, and other parties. The results of the conflict check were compiled and reviewed by Prime Clerk professionals under my supervision. At this time, and as set forth in further detail herein, Prime Clerk is not aware of any connection that would present a disqualifying conflict of interest or any other connections. Should Prime Clerk discover any new relevant facts or connections bearing on the matters described herein during the period of its retention, Prime Clerk will use reasonable efforts to file promptly a supplemental declaration.

7. To the best of my knowledge, and based solely upon information provided to me by the Debtors, and except as provided herein, neither Prime Clerk, nor any of its professionals, has any materially adverse connection to the Debtors, their creditors, or other relevant parties. Prime Clerk may have relationships with certain of the Debtors' creditors as vendors or in connection with cases in which Prime Clerk serves or has served in a neutral capacity as claims and noticing agent and/or administrative advisor for another chapter 11 debtor.

8. Certain of Prime Clerk's professionals were partners of or formerly employed by firms that are providing or may provide professional services to parties in interest in these chapter 11 cases. Such firms include Kirkland & Ellis LLP ("K&E"); Weil, Gotshal & Manges LLP; O'Melveny & Myers LLP; Mayer Brown LLP; Fried, Frank, Harris, Shriver & Jacobson LLP; Bracewell LLP; Proskauer Rose LLP; Curtis, Mallet-Prevost, Colt & Mosle LLP; Baker & Hostetler LLP; Togut, Segal & Segal LLP; Gibson, Dunn & Crutcher LLP; Centerview Partners LLC; KPMG LLP; Epiq Bankruptcy Solutions, LLC; Donlin, Recano & Company, Inc.; and Kurtzman Carson Consultants LLC. Except as may be disclosed herein, these professionals did not work on any matters involving the Debtors while employed by their previous firms. Moreover, these professionals were not employed by their previous firms when these chapter 11 cases were filed.

9. I was previously an associate at K&E, proposed counsel to the Debtors in these chapter 11 cases. Michael J. Frishberg, Co-President and Chief Operating Officer of Prime Clerk, was previously a partner at K&E, and Benjamin P. D. Schrag, Chief Business Development Officer of Prime Clerk, was previously an associate at K&E. I left K&E in August 2013, Mr. Frishberg left K&E in February 2008, and Mr. Schrag left K&E in June 2010. Neither

I nor Mr. Frishberg or Mr. Schrag worked on any matters involving the Debtors while employed by K&E.

10. I understand that K&E has represented and currently represents Prime Clerk in matters unrelated to the Debtors and these chapter 11 cases. I do not believe that these connections preclude Prime Clerk from meeting the disinterestedness standard under the Bankruptcy Code.

11. Marc Brown, a Solicitation Consultant at Prime Clerk, was formerly an associate at Skadden, Arps, Slate, Meagher & Flom LLP ("Skadden"), counsel to the agent under the Debtors' prepetition asset-based financing facility and initial debtor-in-possession financing facility. Mr. Brown left Skadden in 2004. Mr. Brown did not work on any matters involving the Debtors during his time at Skadden. Prime Clerk does not believe that this connection presents an interest adverse to the Debtors but discloses the connection out of an abundance of caution.

12. Prime Clerk is an indirect subsidiary of Duff & Phelps LLP ("D&P"). D&P is the global advisor that protects, restores, and maximizes value for clients. Within the D&P corporate structure, Prime Clerk operates independently from D&P. As such, any relationships that D&P and its affiliates maintain do not create an interest of Prime Clerk that is materially adverse to the Debtors' estates or any class of creditors or security holders. D&P is not currently identified on the Potential Parties in Interest list, but Prime Clerk makes this disclosure out of an abundance of caution.

13. Prime Clerk has and will continue to represent clients in matters unrelated to these chapter 11 cases. In addition, Prime Clerk and its personnel have and will continue to have relationships personally or in the ordinary course of business with certain vendors, professionals, financial institutions, and other parties in interest that may be involved in the Debtors' chapter

11 cases. Prime Clerk may also provide professional services to entities or persons that may be creditors or parties in interest in these chapter 11 cases, which services do not directly relate to, or have any direct connection with, these chapter 11 cases or the Debtors.

14. Prime Clerk, and its personnel in their individual capacities, regularly utilize the services of law firms, investment banking and advisory firms, accounting firms, and financial advisors. Such firms engaged by Prime Clerk or its personnel may appear in chapter 11 cases representing the Debtors or parties in interest. All engagements where such firms represent Prime Clerk or its personnel in their individual capacities are unrelated to these chapter 11 cases.

15. As part of its conflicts check process, Prime Clerk submitted for review by each of its partners and employees the list of Potential Parties in Interest provided by the Debtors to determine whether any partner or employee holds an adverse interest to any of the Debtors and/or is a "disinterested person," as such term is defined in the Bankruptcy Code. In addition, the partners and employees of Prime Clerk were asked to review their investment holdings, to the extent possible, to determine whether they have any direct or indirect ownership of the Debtors' securities. Upon information and belief, and upon such reasonable inquiry by Prime Clerk and the results thereof, Prime Clerk is not aware that any of its partners or employees directly or indirectly own any debt or equity securities of a company that is a Debtor or of any of its affiliates. Moreover, Prime Clerk has a policy prohibiting its partners and employees from using confidential information that may come to their attention in the course of their work. In this regard, subject to non-discretionary Investment Funds (as defined below), all Prime Clerk partners and employees are barred from trading in securities with respect to matters in which Prime Clerk is retained.

16. As a general matter, in the infrequent case when a Prime Clerk partner or

employee may, directly or indirectly, own a debt or equity security of a company which may become or becomes a debtor or a debtor affiliate, such ownership would be substantially less than one percent of any such debtor or debtor affiliate.  Additionally, from time to time, Prime Clerk partners or employees may personally invest in mutual funds, retirement funds, private equity funds, venture capital funds, hedge funds, and other types of investment funds (the "Investment Funds"), through which such individuals may indirectly acquire a debt or equity security of many companies, one of which may be one of the Debtors or their affiliates.  Any partner or employee who has made any such investment does not manage or otherwise control such Investment Fund.  The Investment Funds are managed by third parties, and Prime Clerk partners or employees that may invest in the particular Investment Fund have no influence, discretion, or control over the Investment Fund's decision to buy, sell, or vote any particular debt or equity securities comprising the particular Investment Fund and in certain instances, partners or employees may not be aware of the particular debt or equity securities comprising the particular Investment Fund.

17.    Based on the foregoing, I believe that Prime Clerk is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.  Moreover, to the best of my knowledge and belief, neither Prime Clerk nor any of its partners or employees hold or represent any interest adverse to the Debtors' estates.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on November 26, 2019

*/s/ Benjamin J. Steele*
Benjamin J. Steele
Vice President
Prime Clerk LLC
One Grand Central Place
60 East 42nd Street, Suite 1440
New York, New York 10165