## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| DURA AUTOMOTIVE SYSTEMS, LLC, *et al.* | Case No. 19-12378 (KBO) |
| Debtors. | Jointly Administered |
| | **Hearing Date: December 3, 2019, at 10:00 a.m.** |
| | **Objections Due: November 26, 2019, at 4 p.m., extended to November 27, 2019 at 10:00 a.m. for the U.S. Trustee** |
| | **Related to Docket No. 287** |

## THE UNITED STATES TRUSTEE'S LIMITED OBJECTION AND RESERVATION OF RIGHT TO DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING THE DEBTORS' PROPOSED VALUED EMPLOYEE PROGRAM

Andrew R. Vara, the Acting United States Trustee for Region 3 ("U.S. Trustee"), by and through his undersigned attorney, hereby files this limited objection and reservation of rights ("Objection") to the Debtors' Motion for Entry of an Order Authorizing and Approving the Debtors' Proposed Valued Employee Program (Dkt. No. 287)(the "Motion"), and in support of that Objection states as follows:

### PRELIMINARY STATEMENT

1.      By the Motion, the Debtors seek Court approval of what they call a Proposed Valued Employee Program, which, as the Debtors concede, is a retention bonus program. The Debtors assert that none of the employees who are eligible for such bonuses are "insiders," as that term is defined under the Bankruptcy Code. However, the Debtors have not yet submitted any evidence to support this assertion. In fact, the Debtors have not even identified in any Court filing who will be eligible for the retention bonus program, by name, title

or otherwise, or how much each such person will be paid.[1]  The Debtors have indicated in their motion that 51 people will be eligible for such bonuses, and that the aggregate bonuses could be as high as $2.3 million.  *See* Motion, ¶ 5.

2.     The U.S. Trustee objects to the Motion unless the Debtors introduce evidence sufficient to meet their burden of proof that none of the employees eligible for the retention bonus program is an "insider," as that term is defined under the Bankruptcy Code, and that the retention bonus program meets the standards of § 503(c)(3) of the Code.

3.     In addition, the U.S. Trustee objects to the Motion to the extent it seeks to pay bonuses through a discretionary pool to employees other than the 51 employees currently selected, without some procedure by which the Debtors will disclose the positions of such employees, and provide other evidence sufficient to establish that they are not "insiders" under the Bankruptcy Code.

4.     The U.S. Trustee reserves all rights until the evidentiary record on the Motion is complete.

## JURISDICTION

5.     Under (i) 28 U.S.C. § 1334, (ii) applicable order(s) of the United States District Court for the District of Delaware issued pursuant to 28 U.S.C. § 157(a), and (iii) 28 U.S.C. § 157(b)(2), this Court has jurisdiction to hear and determine the Motion and this Objection.

6.     The U.S. Trustee is charged with overseeing the administration of Chapter 11 cases filed in this judicial district, pursuant to 28 U.S.C. § 586.  This duty is part of the U.S.

---

[1]     The Debtors have provided such information to counsel to the U.S. Trustee, upon her request.

Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts to guard against abuse and over-reaching to assure fairness in the process and adherence to the provisions of the Bankruptcy Code.  *See In re United Artists Theatre Co.*, 315 F.3d 217, 225 (3d Cir. 2003) ("U.S. Trustees are officers of the Department of Justice who protect the public interest by aiding bankruptcy judges in monitoring certain aspects of bankruptcy proceedings."); *United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 298 (3d Cir. 1994) ("It is precisely because the statute gives the U.S. Trustee duties to protect the public interest . . . that the Trustee has standing to attempt to prevent circumvention of that responsibility." ); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 499 (6th Cir. 1990) ("As Congress has stated, the U.S. trustees are responsible for protecting the public interest and ensuring that the bankruptcy cases are conducted according to [the] law").

7.      Under § 307 of title 11 of the United States Code (the "Bankruptcy Code" or "Code"), the United States Trustee has standing to be heard on the Motion and the issues raised in this Objection.

## BACKGROUND

8.      On October 17, 2019 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code in the Bankruptcy Court for the Middle District of Tennessee.  On November 8, 2019, the cases were transferred to this Court.

9.      The Debtors remain in possession of their assets and continue to manage their business as debtors-in-possession, pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

10.     The U.S. Trustee appointed an Official Committee of Unsecured Creditors on November 1, 2019.

11.     On November 12, 2019, the Debtors filed this Motion, seeking approval of what they termed a Valued Employee Program (the "Retention Bonus Program"), for employees whom the Debtors assert are not insiders.  *See* Dkt. No. 287.  There was no affidavit submitted with the Motion.

12.     The Motion indicates that 51 employees are participants in the Retention Bonus Program, and the aggregate amount available to be paid in bonuses is $1,940,240, plus a supplemental cash pool of $400,000 that can be paid to employees other than the 51 employees currently identified by the Debtors for the program, for a total of $2,340,240.  *See* Motion, ¶¶ 5 and 20.  It is not clear who such additional employees are, or when they will be identified.

13.     The bonuses are to be paid in a lump-sum cash payment to each employee upon the earlier of: (a) the closing of a sale of substantially all of the Debtors' assets; (b) the consummation of a chapter 11 plan; and (c) March 11, 2020.  *Id*., ¶ 5.

14.     The Motion does not disclose the names or positions of any of the employees who will be participating in the Retention Bonus Program, or who will be eligible for the supplemental cash pool of $400,000.  Nor are the amounts of bonuses to be paid to each participant disclosed.  Rather, the Motion indicates only that the payments will range from $12,500 to $96,480 per employee.  *See id.*, ¶ 17.  The amount is stated to depend on each employee's position, and "will equal roughly 50 percent, 67 percent, or 100 percent" of the employee's  "target annual bonus."  *See id.*, ¶ 16.  The Motion does not explain what or how much the "target annual bonus" is, or whether the employee participants in the Retention Bonus Program will get both their target annual bonus and a Retention Bonus.

4

15.     The Debtors, in the Motion, assert that none of the employees who are participants in the Retention Bonus Program are "insiders," as that term is defined in the Bankruptcy Code.  *See id.*, ¶ 19.   The Debtors state in the Motion that they are prepared to present evidence at the hearing on the Motion to support this assertion.  *See id.*, n. 4.

## ARGUMENT

### *Statutory Framework and Burden of Proof*

16.     Section 503(c) of the Bankruptcy Code provides as follows:

[T]here shall neither be allowed, nor paid –

(1) a transfer made to, or an obligation incurred for the benefit of, an *insider of the debtor* for the purpose of inducing such person to remain with the debtor's business, absent a finding by the court based on evidence in the record that-

  (A)   the transfer or obligation is essential to retention of the person because the individual has a bona fide job offer from another business at the same or greater rate of compensation;

  (B)   the services provided by the person are essential to the survival of the business; and

  (C)    either—

      (i)   the amount of the transfer made to, or obligation incurred for the benefit of, the person is not greater than an amount equal to 10 times the amount of the mean transfer or obligation of a similar kind given to nonmanagement employees for any purpose during the calendar year in which the transfer is made or the obligation is incurred; or

      (ii)  if no such similar transfers were made to, or obligations were incurred for the benefit of, such nonmanagement employees during such calendar year, the amount of the transfer or obligation is not greater than an amount equal to 25 percent of the amount of any similar transfer or obligation made to or incurred for the benefit of such insider for any purpose during the calendar year before the year in which such transfer is made or obligation is incurred;

5

(2) a severance payment to an insider of the debtor, unless-

(A) the payment is part of a program that is generally applicable to all full-time employees; and

(B) the amount of the payment is not greater than 10 times the amount of the mean severance pay given to nonmanagement employees during the calendar year in which the payment is made; or

(3) other transfers or obligations that are outside the ordinary course of business and not justified by the facts and circumstances of the case, including transfers made to, or obligations incurred for the benefit of, officers, managers, or consultants hired after the date of the filing of the petition.

11 U.S.C. § 503(c).

17.    Congress added § 503(c) to the Bankruptcy Code in 2005 as part of the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA") to "eradicate the notion that executives were entitled to bonuses simply for staying with the Company through the bankruptcy process." *In re Global Home Products, LLC,* 369 B.R. 778, 784 (Bankr. D. Del. 2007)(citations omitted); *In re Residential Capital, LLC*, 478 B.R. 154, 169 (Bankr. S.D.N.Y. 2012)(to the same effect, quoting *Global Home Products,* 369 B.R. at 784); s*ee also In re Nellson Nutraceutical, Inc.*, 369 B.R. 787, 800 (Bankr. D. Del. 2007) ("[I]t is widely acknowledged that the amendment was a response to perceived abuses of the bankruptcy system by 'the executives of giant companies . . . who lined their own pockets, but left thousands of employees and retirees out in the cold.'") (quoting *In re Dana Corp.*, 358 B.R. 567, 575 (Bankr. S.D.N.Y. 2006)("*Dana II*") and Statement of Senator Edward Kennedy (March 1, 2005)).

18.    Under § 503(c), insider retention plans and severance plans are "severely restricted." *Global Home Products,* 369 B.R. at 785.   The Debtors, as the proponents of a bonus plan, have the burden of providing evidentiary support to establish that their bonus program is not governed by § 503(c)(1).   *See, e.g., Hawker Beechcraft*, 479 B.R. at 314 ("[t]he proponent of

the KEIP bears the burden of proving that the plan is not a retention plan governed by §

503(c)(1)").

***The Debtors Have Not Provided Sufficient Information to Determine Whether the Participants
in the Retention Bonus Plan Qualify as Insiders Under the Bankruptcy Code***

19.     Section 503(c)(1) of the Code applies to "insiders" of the Debtors who are

eligible for retention bonuses.  The Debtors assert that none of the participants in the Retention

Bonus Plan are insiders, but provide very little information about them.  In fact, the Debtors do

not even identify the participants in the Retention Bonus Plan, by their name or position, or the

amount they are to receive.

20.     The Debtors have the burden of establishing, by way of evidence, that

each of the participants in the Retention Bonus Plan are not "insiders," as that term is defined in

§ 101(31) of the Bankruptcy Code.  That section of the Bankruptcy Code defines an "insider" of

a corporation to include an "officer," a "director," or a "person in control." 11 U.S.C. § 101(31).

21.     As stated by this Court in *In re Foothills Texas, Inc.*, 408 B.R. 573, 585

(Bankr. D. Del. 2009), "[a] person holding the title of an officer, including vice president, is

presumptively what he or she appears to be—an officer and, thus, an insider."  The Debtors

therefore must either submit evidence to rebut such presumption as to any participant in the

Retention Bonus Plan who holds an officer title, or show that such participant meets the

requirements of §503(c)(1).

22.     In addition, the Debtors seek authority to pay retention bonuses from a

supplemental cash pool of $400,000 to "key non-insider employees not identified in the original

list of Valued Employees."  *See* Motion, ¶ 20.   Yet the Motion does not set forth any procedure

by which the Debtors would disclose the positions of such employees, and provide evidence

sufficient to establish that they are not "insiders" under the Bankruptcy Code.

***The Business Judgment Rule is not the Applicable Standard for Approval of the Retention Bonus Plan Under Any Circumstances***

23.    The Debtors incorrectly argue that approval of the Retention Bonus Plan may be done pursuant to the business judgment rule, under § 363(b)(1) of the Code, in lieu of any portion of § 503(c) of the Code.  In this regard, the Debtors overlook and fail to accord proper meaning to the restrictions imposed by § 503(c).  The Debtors are seeking authority to incur an administrative expense for the Retention Bonus Plan.   Thus, even if the Court were to determine that the Debtors have presented sufficient evidence that none of the employee participants in the Retention Bonus Plan are insiders, the Debtors would still have to establish that the requirements of §503(c)(3) are met with respect to the Retention Bonus Plan.  Section 503(c)(3) provides that:

> Notwithstanding subsection (b), there shall neither be allowed nor paid –
> . . . .
> other transfers or obligations that are outside the ordinary course of business and not justified by the facts and circumstances of the case including transfers made to, or obligations incurred for the benefit of, officers, managers, or consultants hired after the date of the filing of the petition.

11 U.S.C. § 503(c)(3).

24.    In enacting § 503(c), Congress clarified and specifically limited what might otherwise be allowed as an administrative expense under § 503(b).  Section 503(b) of the Bankruptcy Code provides that:

> (b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502 (f) of this title, including—
>
> (1)(A) the actual, necessary costs and expenses of preserving the estate including—

(i) *wages, salaries, and commissions for services rendered after the commencement of the case*;

11 U.S.C. § 503(b)(emphasis added).

25.    Administrative expenses may not be allowed unless they are actual and necessary to preserve the estate. *In re Unidigital, Inc*., 262 B.R. 283, 288 (Bankr. D. Del. 2001). In order to hold administrative expenses to a minimum and to maximize the value of an estate, § 503(b) is narrowly construed. *See, e.g., In re N.P. Min. Co., Inc.*, 963 F.2d 1449, 1454 (11th Cir. 1992); *In re Philadelphia Mortgage Trust,* 117 B.R. 820, 828 (Bankr. E.D. Pa. 1990). To qualify for administrative priority status, an expense must arise from a transaction that accorded the estate an actual benefit. *In re Insilco Technologies, Inc.,* 309 B.R. 111, 114 (Bankr. D. Del. 2004)(*citing Calpine Corp. v. O'Brien Envtl. Energy, Inc. (In re O'Brien Envtl. Energy, Inc.)*, 181 F.3d 527, 532-533 (3d Cir. 1999), and *Unidigital,* 262 B.R. at 288).

26.    Thus, even if the Court were to find that none of the employee participants in the Retention Bonus Plan are insiders, the Debtors would have to demonstrate that such bonuses are necessary to preserve the value of the Debtors' estates under § 503(b), and are "justified by the facts and circumstances of the case" under § 503(c)(3). The Court must make an independent determination that any retention bonuses are justified by the facts and circumstances of the case, rather than deferring to the Debtors' business judgment.

27.    The Debtors' assertion that the Retention Bonus Plan is a § 363(b) transactions governed by the business judgment rule also ignores the pivotal holding of *In re O'Brien Envtl. Energy, Inc.*, 181 F.3d 527, 532-533 (3d Cir. 1999). In that case, the Third Circuit held that the allowability of administrative expenses "depends upon the requesting party's ability to show that the [expenses] were actually necessary to preserve the value of the

9

estate.  Therefore, we conclude that *the business judgment rule should not be applied as such in the bankruptcy context*.  Nonetheless, the considerations that underlie the debtor's judgment may be relevant to the Bankruptcy Court's determination . . . ." *Id.*, at 535 (emphasis added).   The proposed Retention Bonus Plan, like the break-up fees under consideration in *O'Brien Envtl. Energy,* are administrative expenses and their allowance must be determined under administrative expense jurisprudence, rather than the more lenient business judgment rule.

## CONCLUSION

28.    The Debtors bear the burden of establishing that each proposed participant in the Retention Bonus Program is not an insider, that such bonuses are necessary to preserve the value of the Debtors' estates under  § 503(b), and are "justified by the facts and circumstances of the case" under § 503(c)(3).  The U.S. Trustee leaves the Debtors to their burden of proof and reserves all rights in connection therewith.

29.    The U.S. Trustee reserves any and all rights, remedies and obligations to, among other things, complement, supplement, augment, alter or modify this Objection, file an appropriate motion, or conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent upon further factual discovery.

**WHEREFORE,** the United States respectfully requests that this Court (a) deny the Motion unless the Debtors introduce evidence sufficient to establish that no participant of the Retention Bonus Program is an insider, and such program meets the standards of §§ 503(b), and 503(c)(3) of the Code, and (b) grant such other relief as this Court deems appropriate, fair and just.

Dated: November 26, 2019           Respectfully submitted,
       Wilmington, Delaware

**ANDREW R. VARA**
**ACTING UNITED STATES TRUSTEE**
**Region 3**

By: _/s/ Juliet Sarkessian._
    Juliet Sarkessian
    Trial Attorney
    United States Department of Justice
    Office of the United States Trustee
    J. Caleb Boggs Federal Building
    844 King Street, Suite 2207, Lockbox 35
    Wilmington, DE 19801
    (302) 573-6491 (Phone)
    (302) 573-6497 (Fax)
    Juliet.M.Sarkessian@usdoj.gov