**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| DURA AUTOMOTIVE SYSTEMS, LLC, *et al.*,[1] | ) Case No. 19-12378 (KBO) |
|  | ) |
| Debtors. | ) (Jointly Administered) |
|  | ) |

**ORDER AUTHORIZING
EMPLOYMENT AND RETENTION OF PRIME CLERK LLC
AS ADMINISTRATIVE ADVISOR *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") authorizing the employment and retention of Prime Clerk LLC ("Prime Clerk") as administrative advisor ("Administrative Advisor") *nunc pro tunc* to the Petition Date pursuant to section 327(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014-1, all as more fully described in the Application; and upon the Steele Declaration and the supplemental declaration of Benjamin J. Steele, Vice President of Prime Clerk, submitted in support of the Application; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court

---

[1] The debtor entities in these chapter 11 cases, along with the last four digits of each Debtor entity's federal tax identification number, are: Dura Automotive Systems Cable Operations, LLC (7052); Dura Automotive Systems, LLC (8111); Dura Fremont L.L.C. (1252); Dura G.P. (8092); Dura Mexico Holdings, LLC (4188); Dura Operating, LLC (2304); and NAMP, LLC (3693). Dura Automotive Systems, LLC's service address is: 1780 Pond Run, Auburn Hills, Michigan 48326.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate under the circumstances and no other notice need be provided, except as set forth herein; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is approved as set forth in this Order.

2. Pursuant to section 327(a) of the Bankruptcy Code, the Debtors are authorized to retain Prime Clerk as Administrative Advisor effective *nunc pro tunc* to the Petition Date under the terms of the Engagement Agreement, as modified by this Order, and Prime Clerk is authorized to perform the bankruptcy administration services described in the Application and set forth in the Engagement Agreement, as modified by this Order.

3. Prime Clerk is authorized to take such other action to comply with all duties set forth in the Application.

4. Prime Clerk shall apply to the Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders entered in these cases regarding professional compensation and reimbursement of expenses.

5. The Debtors are authorized to indemnify the Indemnified Parties (as defined in the Engagement Agreement) under the terms of the Engagement Agreement, as modified pursuant to this Order.

6. The Indemnified Parties shall not be entitled to indemnification, contribution, or reimbursement pursuant to the Engagement Agreement for services other than the services provided under the Engagement Agreement, unless such services and the indemnification, contribution, or reimbursement therefor are approved by the Court.

7. Notwithstanding anything to the contrary in the Engagement Agreement, the Debtors shall have no obligation to indemnify the Indemnified Parties, or provide contribution, or reimbursement to the Indemnified Parties, for any claim or expense to the extent such claim or expense is either: (a) judicially determined (the determination having become final and no longer subject to appeal) to have arisen from the Indemnified Parties' gross negligence, willful misconduct, or fraud; (b) for a contractual dispute in which the Debtors allege the breach of the Indemnified Parties' contractual obligations, unless the Court determines that indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003); or (c) settled prior to a judicial determination as to the exclusions set forth in clauses (a) and (b) above, but determined by this Court, after notice and a hearing pursuant to paragraph 8 herein, to be a claim or expense for which the Indemnified Parties should not receive indemnity, contribution, or reimbursement under the terms of the Engagement Agreement, as modified by this Order.

8. If, before the earlier of (a) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal) and (b) the entry of an order closing these chapter 11 cases, the Indemnified Parties believe that they are entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, and/or reimbursement obligations under the Engagement Agreement (as modified by this Order), including the advancement of defense costs, the

Indemnified Parties must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Indemnified Parties before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses by the Indemnified Parties for indemnification, contribution, and/or reimbursement, and not a provision limiting the duration of the Debtors' obligation to indemnify, make contributions to, or reimburse the Indemnified Parties. All parties in interest shall retain the right to object to any demand by the Indemnified Parties for indemnification, contribution, and/or reimbursement.

9. The limitation of liability section in paragraph 10 of the Engagement Agreement is deemed to be of no force or effect with respect to the services to be provided pursuant to this Order.

10. The Debtors and Prime Clerk are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

11. Notwithstanding any term in the Engagement Agreement to the contrary, this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order and/or the Debtors' engagement of Prime Clerk.

12. In the event of any inconsistency between the Engagement Agreement, the Application, and the Order, the Order shall govern.

Dated: January 2nd, 2020  
Wilmington, Delaware

KAREN B. OWENS  
UNITED STATES BANKRUPTCY JUDGE