**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>DURA AUTOMOTIVE SYSTEMS, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-12378-KBO<br><br>Jointly Administered |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF DENTONS US LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO NOVEMBER 1, 2019**

UPON CONSIDERATION OF the Application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") of Dura Automotive Systems, LLC, *et al.* (the "Debtors"), for an order, pursuant to Bankruptcy Code sections 328(a) and 1103 and Bankruptcy Rules 2014(a) and 2016, authorizing the Committee to employ and retain the law firm of Dentons US LLP ("Dentons") as its counsel *nunc pro tunc* to November 1, 2019; and upon consideration of the Pinkas Declaration and the supplemental Pinkas Declaration in support of the Application (collectively, the "Pinkas Declaration"), and the Co-Chair Declarations; and the Court being satisfied that Dentons and its professionals (a) are not creditors, equity security holders or insiders of the Debtors, (b) are not and were not, within two (2) years before the Petition Date, directors, officers or employees of the Debtors, (c) do not hold or represent any interest materially adverse to the interest of the Debtors' estates and (d) are not related to any judge of this Court, the

---

[1] The debtor entities in these chapter 11 cases, along with the last four digits of each Debtor entity's federal tax identification number, are: Dura Automotive Systems Cable Operations, LLC (7052); Dura Automotive Systems, LLC (8111); Dura Fremont L.L.C. (1252); Dura G.P. (8092); Dura Mexico Holdings, LLC (4188); Dura Operating, LLC (2304); and NAMP, LLC (3693).

[2] Terms not defined herein shall have the meanings ascribed to them in the Application.

U.S. Trustee for this District or any employee of the U.S. Trustee in this District; and, accordingly, Dentons and its professionals are "disinterested persons" within the meaning of section 101(14), as modified by section 1107(b) of the Bankruptcy Code; and Dentons' representation of the Committee being permissible under sections 328(a) and 1103 of the Bankruptcy Code; and it appearing that notice of the Application and opportunity for a hearing thereon was appropriate under the particular circumstances and that no other or further notice need be given; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

ORDERED that the Application is approved, as set forth herein; and it is further

ORDERED that, pursuant to sections 328 and 1103(a) of the Bankruptcy Code, the Committee is authorized to employ and retain Dentons as bankruptcy counsel *nunc pro tunc* to November 1, 2019; and it is further

ORDERED that Dentons shall file applications for services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases and be compensated in accordance with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and such other procedures as may be fixed by order of this Court. Dentons also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013, both in connection with this Application and the interim and final fee applications to be filed in these chapter 11 cases; and it is further

ORDERED that notwithstanding anything to the contrary in the Application, any of its attachments, or any engagement letter, Dentons shall not seek reimbursement of any fees or costs

arising from the prosecution or defense of any monthly fee statements or fee applications in these bankruptcy cases; and it is further

ORDERED that notwithstanding anything to the contrary in the Application, any of its attachments, or any engagement letter, if any other members of the Dentons Verein other than Dentons USA LLP intend to provide services to the Committee, their retention shall be subject to further order of this Court, upon notice to parties in interest in these cases.

ORDERED that the Application's request to approve the retention of BGD, both before and after its combination with the Dentons Verein, will be heard at the hearing on January 8, 2020.ORDERED that the Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: January 2nd, 2020
Wilmington, Delaware

KAREN B. OWENS
UNITED STATES BANKRUPTCY JUDGE

113921519\V-1