IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| DURA AUTOMOTIVE SYSTEMS, LLC, *et al.*,[1] | ) ) ) | Case No. 19-12378 (KBO) |
| Debtors. | ) ) ) | (Jointly Administered) |

**ORDER AUTHORIZING THE RETENTION
AND EMPLOYMENT OF KIRKLAND & ELLIS
LLP AND KIRKLAND & ELLIS INTERNATIONAL
LLP AS ATTORNEYS FOR THE DEBTORS AND DEBTORS
IN POSSESSION EFFECTIVE *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (this "Order") authorizing the Debtors to retain and employ Kirkland & Ellis LLP and Kirkland & Ellis International LLP (collectively, "Kirkland") as their attorneys effective *nunc pro tunc* to the Petition Date, pursuant to sections 327(a) and 330 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9013-1(f) of the Local Bankruptcy Rules for the District of Delaware (the "Local Rules"); and the Court having reviewed the Application, the declaration of Ryan Blaine Bennett, the president of Ryan Blaine Bennett, P.C., a partner of Kirkland & Ellis LLP, and a partner of Kirkland & Ellis International LLP (the "Original Bennett Declaration") the supplemental

---

[1] The debtor entities in these chapter 11 cases, along with the last four digits of each Debtor entity's federal tax identification number, are: Dura Automotive Systems Cable Operations, LLC (7052); Dura Automotive Systems, LLC (8111); Dura Fremont L.L.C. (1252); Dura G.P. (8092); Dura Mexico Holdings, LLC (4188); Dura Operating, LLC (2304); and NAMP, LLC (3693). Dura Automotive Systems, LLC's service address is: 1780 Pond Run, Auburn Hills, Michigan 48326.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application or the Bennett Declarations, as applicable.

declaration of Ryan Blaine Bennett (the "Supplemental Bennett Declaration"), the second supplemental declaration of Ryan Blaine Bennett (the "Second Supplemental Bennett Declaration" and, together with the Original Bennett Declaration and the Supplemental Bennett Declaration, the "Bennett Declarations"), and the declaration of Marc Beilinson, independent manager of Dura Automotive Systems, LLC and Dura Operating, LLC (the "Beilinson Declaration"); and the Court having found that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that the Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found based on the representations made in the Application and in the Bennett Declaration that (a) Kirkland does not hold or represent an interest adverse to the Debtors' estates and (b) Kirkland is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code; and the Court having found that the relief set forth in this Order is in the best interests of the Debtors; and the Court having found that the Debtors provided adequate and appropriate notice of the Application under the circumstances and that no other or further notice is required; and the Court having reviewed the Application and having heard statements in support of the Application at a hearing held before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted to the extent set forth herein.

2. The Debtors are authorized to retain and employ Kirkland as their attorneys *nunc pro tunc* to the Petition Date in accordance with the terms and conditions set forth in the Application and in the Engagement Letter attached hereto as **Exhibit 1**, as modified herein or by the Bennett Declarations.

3. Kirkland is authorized to provide the Debtors with the professional services as described in the Application and the Engagement Letter. Specifically, but without limitation, Kirkland will render the following legal services:

   a. advising the Debtors with respect to their powers and duties as debtors in possession in the continued management and operation of their businesses and properties;

   b. advising and consulting on their conduct during these chapter 11 cases, including all of the legal and administrative requirements of operating in chapter 11;

   c. attending meetings and negotiating with representatives of creditors and other parties in interest;

   d. taking all necessary actions to protect and preserve the Debtors' estates, including prosecuting actions on the Debtors' behalf, defending any action commenced against the Debtors, and representing the Debtors in negotiations concerning litigation in which the Debtors are involved, including objections to claims filed against the Debtors' estates;

   e. preparing pleadings in connection with these chapter 11 cases, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtors' estates;

   f. representing the Debtors in connection with obtaining authority to continue using cash collateral and postpetition financing;

   g. advising the Debtors in connection with any potential sale of assets;

   h. appearing before the Court and any appellate courts to represent the interests of the Debtors' estates;

   i. advising the Debtors regarding tax matters;

   j. taking any necessary action on behalf of the Debtors to negotiate, prepare, and obtain approval of a disclosure statement and confirmation of a chapter 11 plan and all documents related thereto; and

k.  performing all other necessary legal services for the Debtors in connection with the prosecution of these chapter 11 cases, including: (i) analyzing the Debtors' leases and contracts and the assumption and assignment or rejection thereof; (ii) analyzing the validity of liens against the Debtors; and (iii) advising the Debtors on corporate and litigation matters.

4. Kirkland shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of the Court. Reimbursement of expenses shall be subject to the limits set forth in Local Rule 2016-2(e), including the maximum rates permitted for copies and facsimiles. Kirkland also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013*, both in connection with the Application and the interim and final fee applications to be filed by Kirkland in these chapter 11 cases.

5. Notwithstanding anything to the contrary in the Application, the Engagement Letter, or the Declarations attached to the Application, the reimbursement provisions allowing the reimbursement of fees and expenses incurred in connection with participating in, preparing for, or responding to any action, claim, suit, or proceeding brought by or against any party that relates to the legal services provided under the Engagement Letter and fees for defending any objection to Kirkland's fee applications under the Bankruptcy Code are not approved.

6. Kirkland shall not charge a markup to the Debtors with respect to fees billed by contract attorneys who are hired by Kirkland to provide services to the Debtors and shall ensure that any such contract attorneys are subject to conflict checks and disclosures in accordance with the requirements of the Bankruptcy Code and Bankruptcy Rules.

7. Kirkland shall provide ten-business-days' notice to the Debtors, the U.S. Trustee, and any official committee before any increases in the rates set forth in the Application or the Engagement Letter are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

8. The Debtors and Kirkland are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

9. Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Local Rules are satisfied by the contents of the Application.

10. The rights of all parties in interest (including the U.S. Trustee) with respect to any supplemental disclosure and any motion to seal with respect thereto are fully reserved.

11. To the extent the Application, the Bennett Declarations, the Beilinson Declaration, or the Engagement Letter is inconsistent with this Order, the terms of this Order shall govern.

12. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

13. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: January 6th, 2020
Wilmington, Delaware

KAREN B. OWENS
UNITED STATES BANKRUPTCY JUDGE