IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| DURA AUTOMOTIVE SYSTEMS, LLC, *et al.*,[1] ) | Case No. 19-12378 (KBO) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |

### DECLARATION OF DISINTERESTEDNESS OF DICKINSON WRIGHT PLLC PURSUANT TO THE ORDER AUTHORIZING THE RETENTION AND COMPENSATION OF CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

I, John E. Anderson, declare under penalty of perjury:

1. I am a Member of Dickinson Wright PLLC, located at 424 Church Street, Suite 800, Nashville, TN 37219 (the "Firm").

2. Dura Automotive Systems, LLC and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), have requested that the Firm continue to provide legal services pertaining to a customer dispute involving certain of the Debtors (namely, Dura Automotive Systems, LLC, Dura Mexico Holdings, LLC, and Dura Operating, LLC) and the Firm has consented to provide such services.

3. This Declaration is submitted in compliance with the *Order Authorizing the Retention and Compensation of Certain Professionals Utilized in the Ordinary Course of Business*

---

[1] The debtor entities in these chapter 11 cases, along with the last four digits of each Debtor entity's federal tax identification number, are: Dura Automotive Systems Cable Operations, LLC (7052); Dura Automotive Systems, LLC (8111); Dura Fremont L.L.C. (1252); Dura G.P. (8092); Dura Mexico Holdings, LLC (4188); Dura Operating, LLC (2304); and NAMP, LLC (3693). Dura Automotive Systems, LLC's service address is: 1780 Pond Run, Auburn Hills, Michigan 48326.

[Docket No. 388] (the "OCP Order"), which OCP Order I have reviewed. I understand the limitations on compensation and reimbursement under such OCP Order.

4. The Firm is a full-service legal services firm. The Firm provides a comprehensive range of legal services across 40 practice areas, including representing clients in automotive supply-chain litigation and arbitration.

5. The Firm has provided services to the Debtors prior to the Petition Date of October 17, 2019.

6. The Firm may have performed services in the past, may currently perform services and may perform services in the future, in matters unrelated to the Debtors or these chapter 11 cases for persons that are parties-in-interest in the Debtors' chapter 11 cases. The Firm does not perform services for any such person in connection with the Debtors or these chapter 11 cases, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates with respect to the matter on which the Firm is proposed to be employed, except as set forth herein: currently, another member of the Firm represents two potential parties-in-interest (Magna International Inc. and Adient PLC), providing general case monitoring and advice regarding these chapter 11 cases. However, this work is wholly unrelated to the arbitration matter on which the Firm is proposed to be employed as an ordinary course professional, and this work is not adverse to the Debtors or their estates. As to these other representations, out of an abundance of caution, the Firm has implemented its normal screening procedures such that professionals and others who perform services for the Debtors will not perform services for the two potential parties-in-interest and vice versa, and Firm files and materials related to the matters are segregated.

7. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases.

8. Neither I nor any principal, partner, director, officer, etc., of or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

9. Neither I nor any principal, partner, director, officer, of or professional employed by, the Firm, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter upon which the Firm is to be employed.

10. The Firm intends to bill the Debtors for professional services rendered in connection with these Chapter 11 Cases, in accordance with the OCP Order, with such bill to include compensation for services based on the hourly rates set forth below, plus reimbursement of actual and necessary expenses and other charges incurred by the Firm. The principal attorneys designated to represent the Debtors and their rates for the matter beginning January 1, 2020 are:

| | |
|---|---|
| Thomas G. McNeill, Member | $625/hr. |
| John E. Anderson, Sr., Member | $425/hr. |
| Salina M. Hamilton, Member | $395/hr. |
| Max A. Aidenbaum, Associate | $355/hr. |
| Jared A. Christensen, Associate | $295/hr. |
| Kimberly D. Fisher, Specialist | $245/hr. |
| Jessica E. Steffey, Specialist | $215/hr. |

11. The Firm keeps time records in one-tenth of an hour increments in the ordinary course of business.

12. As of the Petition Date, the Firm held a prepetition retainer of $75,000.00 as security for payment of any final bill. However, to the extent allowed by the Bankruptcy Code, the Firm may seek to apply funds in the retainer to outstanding prepetition fees and costs.

13. The Debtors owe the Firm $28,523.59 (both accrued/billed and accrued/unbilled) for prepetition services, the payment of which is subject to limitations contained in the United States Bankruptcy Code, 11 U.S.C. §§ 101–1532.

14. I understand that the amount owed by any of the Debtors to the Firm for prepetition services will be treated as a general unsecured claim (except to the extent that the above-mentioned retainer may constitute security for the same), and as such, the Firm may file a proof of claim. I further understand that this Declaration will not suffice as the Firm's proof of claim.

15. As of October 17, 2019, which was the date on which the Debtors commenced these chapter 11 cases, the Firm was not party to an agreement for indemnification with certain of the Debtors.

16. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

*[Remainder of page intentionally left blank.]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: __1 - 6__, 2020

_/s/ John E. Anderson_
John E. Anderson