# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| DURA AUTOMOTIVE SYSTEMS, LLC, *et al.*,[1] | ) Case No. 19-12378 (KBO) |
| Debtors. | ) (Jointly Administered) |

## DECLARATION OF DISINTERESTEDNESS OF SHERMAN LAW GROUP, P.C. D/B/A SHERMAN IMMIGRATION LAWYERS, P.C. PURSUANT TO THE ORDER AUTHORIZING THE RETENTION AND COMPENSATION OF CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS

I, Michael I. Sherman, Esq., declare under penalty of perjury:

1. I am President of Sherman Law Group, P.C. d/b/a Sherman Immigration Lawyers, P.C., located at 26111 West 14 Mile Road, Suite 104, Franklin, Michigan 48025 (the "Firm").

2. Dura Automotive Systems, LLC and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), have requested that the Firm provide U.S. immigration law services to the Debtors, namely Dura Operating, LLC, and the Firm has consented to provide such services.

3. This Declaration is submitted in compliance with the *Order Authorizing the Retention and Compensation of Certain Professionals Utilized in the Ordinary Course of Business* [Docket No. 388] (the "OCP Order"), which OCP Order I have reviewed. I understand the limitations on compensation and reimbursement under such OCP Order.

---

[1] The debtor entities in these chapter 11 cases, along with the last four digits of each Debtor entity's federal tax identification number, are: Dura Automotive Systems Cable Operations, LLC (7052); Dura Automotive Systems, LLC (8111); Dura Fremont L.L.C. (1252); Dura G.P. (8092); Dura Mexico Holdings, LLC (4188); Dura Operating, LLC (2304); and NAMP, LLC (3693). Dura Automotive Systems, LLC's service address is: 1780 Pond Run, Auburn Hills, Michigan 48326.

2

4.      The Firm is a legal services firm that provides U.S. immigration law services.

5.      The Firm has provided services to the Debtors prior to the Petition Date of October 17, 2019.

6.      The Firm may have performed services in the past, may currently perform services and may perform services in the future, in matters unrelated to the Debtors or these chapter 11 cases for persons that are parties in interest in the Debtors' chapter 11 cases. The Firm does not perform services for any such person in connection with the Debtors or these chapter 11 cases, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates with respect to the matter on which the Firm is proposed to be employed.

7.      As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases.

8.      Neither I nor any principal, partner, director, officer, etc., of or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

9.      Neither I nor any principal, partner, director, officer, of or professional employed by, the Firm, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which this Firm is to be employed.

10.     The Firm intends to bill the Debtors for professional services rendered in connection with these Chapter 11 Cases, in accordance with the OCP Order, with such bill to include compensation for services based on the hourly rates set forth below, plus reimbursement

of actual and necessary expenses and other charges incurred by the Firm. The principal designated to represent the Debtors and their current standard rates are:

- Michael I. Sherman, Esq., $325.00 per hour consultation rate; and

- certain flat fees for visa petitions, which flat fees include attorney's fees, government filing fees, and costs, ranging from approximately $6,000.00 to $8,500.00, depending on the nature of the case and the amount of work required.

11. The Firm does keep time records in one-tenth of an hour increments in the ordinary course of business.

12. As of the Petition Date, the Firm held a prepetition retainer of $10,322.13.

13. The Debtors owe the Firm $0 (zero dollars) for prepetition services, the payment of which is subject to limitations contained in the United States Bankruptcy Code, 11 U.S.C. §§ 101–1532.

14. As of October 17, 2019, which was the date on which the Debtors commenced these chapter 11 cases, the Firm was not party to an agreement for indemnification with certain of the Debtors.

15. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

*[Remainder of page intentionally left blank.]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: February 12, 2020

_____
Michael I. Sherman, Esq.