# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> **DURA AUTOMOTIVE SYSTEMS, LLC, et al.,** <br><br> Debtors. | Chapter 11 <br><br> Case No. 19-12378 (KBO) <br> (Jointly Administered) <br><br> Objection Deadline: February 24, 2020 at 4:00 pm (ET) <br> Hearing Date: March 2, 2020 at 10:00 am (ET) |

**MOTION OF NISSAN MOTOR ACCEPTANCE CORPORATION FOR RELIEF FROM AUTOMATIC STAY AND REQUEST FOR ADEQUATE PROTECTION**

Nissan Motor Acceptance Corporation, ("Movant"), by and through its undersigned counsel, hereby moves this Court (the "Motion"), pursuant to 11 U.S.C. § 362(d) and Fed. R. Bankr. P. 4001 and Fed. R. Bankr. P. 9014, for an order terminating the automatic stay of 11 U.S.C. § 362 to allow Movant to exercise all rights and remedies as a Movant of the Debtor with respect to the Master Lease Agreement No. 5892227 and Master Lease Schedule Nos. 5892227001, 5892227002, 5892227003, 5892227004, 5892227005, and 5892227006 (collectively the "Master Lease Agreement") for five (5) forklifts, six (6) Unicarriers and one hoist (collectively, the "Collateral Equipment"). In support of this Motion, Movant respectfully represents as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction of this Motion pursuant to 28 U.S.C. § 1334(b). This Motion is a contested matter under Rule 9014 of the Federal Rules of Bankruptcy Procedure and is a core matter properly heard by this Court pursuant to 28 U.S.C. § 157(b)(2)(G). Venue of this Motion is proper before this Court pursuant to 28 U.S.C. § 1409(a). The statutory predicate for the relief requested herein is section 362 of the Bankruptcy Code.

## BACKGROUND

2. The Movant's records reflect that the Debtors filed their chapter 11 cases (the

Case 19-12378-KBO

Bankruptcy Cases") in the Middle District of Tennessee on October 17, 2019. The Bankruptcy Cases were subsequently transferred to the United States Bankruptcy Court for the District of Delaware and are jointly administered under Case No. 19-12374 (KBO). Debtors are delinquent in various post-petition payments for the Collateral Equipment under the Master Lease Agreement.

3. Movant is a secured creditor of the Debtors as evidenced by the Master Lease Agreement executed on March 26, 2013. Pursuant to the Master Lease Agreement the Debtor is required to make monthly payments in the amount of $426.08. A copy of the Master Lease Agreement is attached hereto as **Exhibit A**.

4. The Debtor is in default of the contractual obligations to Movant as he has failed to make certain payments that have come due.

5. As of February 1, 2020, the amount of the post-petition arrears owed by the Debtors to Movant in connection with the Master Lease Agreement is $30,485.25, representing delinquent payments. See Affidavit attached as **Exhibit B**. The current payoff under the Master Lease Agreement is $197,803.19.

6. As of the Petition Date, Debtors have had possession of the Collateral Equipment.

7. The value of the Collateral Equipment is depreciating on a daily basis.

**MOVANT IS ENTITLED TO RELIEF FROM STAY**

8. Section 362(d) of the Bankruptcy Code provides, in relevant part, as follows:

> (d) on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -
>
> (1) for cause, including lack of adequate protection of

>an interest in property;
>
>(2) with respect to a stay of an act against property under subsection (a) of this section, if –
>
>>(A) the debtor does not have equity in such property; and
>>
>>(B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d).

9. The Bankruptcy Code does not define "cause," and courts have held that this determination is to be made on a case-by-case basis. See In re Rexene Products Co., 141 B.R. 574 (Bankr. D. Del. 1992). As discussed below, ample "cause" exists to support Movant's request for relief from the automatic stay under section 362 of the Bankruptcy Code.

10. Section 362(d) provides that the court shall grant relief from the automatic stay for cause, including the lack of adequate protection. Therefore, relief is mandated if cause is shown. Moreover, when a creditor meets its initial burden on the issue of cause under section 362 by providing evidence of the debtors' failure to remit post-petition installment payments on a secured debt, the burden shifts to the debtors to show how the creditor is adequately protect. In re Epic Capital Corp., 290 B.R. 514, 526 (Bankr. D. De. 2003); In re Hinchliffe, 164 B.R. 45, 48 (Bankr. E.D. Pa. 1994). If the debtor does not meet this burden, then the court should grant the creditor's request for relief. Id. If the debtors cannot meet this burden, then the court should grant the creditor's request for relief. Id.

11. Cause exists under section 362(d)(1) of the Bankruptcy Code to terminate the automatic stay to allow Movant, and any and all subsequent holders of the Master Lease Agreement, to take all actions necessary to exercise all rights and remedies against the Collateral Equipment as a Movant of the Debtors. The justifications are, inter alia, that Movant's interest in the Collateral Equipment is not and cannot be adequately protected during the further

maintenance of the automatic stay in this case as a direct result of the Debtors' failure to remit timely payments to Movant.

## **NOTICE**

12. Notice of this Motion has been given to the Debtor, Debtor's counsel and all parties that have previously requested notice in these cases pursuant to Bankruptcy Rule 2002 . Movant submits that no other or further notice is necessary with respect to the Motion.

**WHEREFORE,** Nissan Motor Acceptance Corporation, respectfully requests that the Court enter an order: (i) granting relief from stay to allow it, and any and all subsequent holders of the Master Lease Agreement, to exercise all rights and remedies against the Collateral Equipment as a Movant of the Debtors in accordance with the Master Lease Agreement and applicable law,  (ii) waiving the 14-day stay described by Bankruptcy Rule 4001(a)(3), and (iii) granting such other and further relief as it deems just and proper.

GELLERT SCALI BUSENKELL & BROWN, LLC

*/s/ Amy D. Brown*
Ronald S. Gellert, Esq. (No. 4259)
Amy D. Brown, Esq. (No. 4077)
1201 North Orange Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 425-5800
Facsimile: (302) 425-5814
Email: rgellert@gsbblaw.com
       abrown@gsbblaw.com

Counsel for Nissan Motor Acceptance Corporation

DATED:  February 17, 2020