IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| DURA AUTOMOTIVE SYSTEMS, LLC, *et al.*,[1] | ) ) ) | Case No. 19-12378 (KBO) |
| Debtors. | ) ) ) | (Jointly Administered) |

**DECLARATION OF DISINTERESTEDNESS OF
GERRY WEINBERG & ASSOCIATES, INC. PURSUANT TO
THE ORDER AUTHORIZING THE RETENTION AND COMPENSATION OF
CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

I, Alana Nicol, declare under penalty of perjury:

1. I am the president of Gerry Weinberg & Associates, Inc., located at 29201 Telegraph Rd., Ste. 410, Southfield, MI 48034 (the "Company").

2. Dura Automotive Systems, LLC and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), have requested that the Company provide human resources services, including behavioral assessment tooling, to the Debtors, namely Dura Automotive Systems, LLC, and the Company has consented to provide such services.

3. This Declaration is submitted in compliance with the *Order Authorizing the Retention and Compensation of Certain Professionals Utilized in the Ordinary Course of Business* [Docket No. 388] (the "OCP Order"), which OCP Order I have reviewed. I understand the limitations on compensation and reimbursement under such OCP Order.

---

[1] The debtor entities in these chapter 11 cases, along with the last four digits of each Debtor entity's federal tax identification number, are: Dura Automotive Systems Cable Operations, LLC (7052); Dura Automotive Systems, LLC (8111); Dura Fremont L.L.C. (1252); Dura G.P. (8092); Dura Mexico Holdings, LLC (4188); Dura Operating, LLC (2304); and NAMP, LLC (3693). Dura Automotive Systems, LLC's service address is: 1780 Pond Run, Auburn Hills, Michigan 48326.

1

4.      The Company is not a legal services firm.

5.      The Company has provided services to the Debtors prior to the Petition Date of October 17, 2019.

6.      The Company may have performed services in the past, may currently perform services and may perform services in the future, in matters unrelated to the Debtors or these chapter 11 cases for persons that are parties in interest in the Debtors' chapter 11 cases. The Company does not perform services for any such person in connection with the Debtors or these chapter 11 cases, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates with respect to the matter on which the Company is proposed to be employed.

7.      As part of its customary practice, the Company is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases.

8.      Neither I nor any principal, partner, director, officer, etc., of or professional employed by, the Company has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Company.

9.      Neither I nor any principal, partner, director, officer, of or professional employed by, the Company, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which this Company is to be employed.

10.      The Company is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code.

11. The Company intends to bill the Debtors for professional services rendered in connection with these Chapter 11 Cases, in accordance with the OCP Order, with such bill to include compensation for services based on the monthly service rate set forth below, plus reimbursement of actual and necessary expenses and other charges incurred by the Company. The principal designated to represent the Debtors and their current standard rates are:

Alana Nicol, President, and contractual monthly service fee is $4,890 per month.

12. The Company does not keep time records in one-tenth of an hour increments in the ordinary course of business, and charges fees on a monthly basis.

13. As of the Petition Date, the Company held a prepetition retainer of $0.00.

14. The Debtors owe the Company $29,224.00 for prepetition services, the payment of which is subject to limitations contained in the United States Bankruptcy Code, 11 U.S.C. §§ 101–1532. The Company has agreed to waive all unpaid amounts for services rendered prior to the Petition Date.

15. As of October 17, 2019, which was the date on which the Debtors commenced these chapter 11 cases, the Company was not a party to an agreement for indemnification with certain of the Debtors.

16. The Company is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Company should discover any facts bearing on the matters described herein, the Company will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: February 28, 2020

*Alana Nicol*

Alana Nicol, as President of Gerry Weinberg & Associates, Inc.