**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DURA AUTOMOTIVE SYSTEMS, LLC, *et al.*,[1] | ) | Case No. 19-12378 (KBO) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**AMENDED AND RESTATED DECLARATION
OF DISINTERESTEDNESS OF LAURENT & CHARRAS PURSUANT
TO THE ORDER AUTHORIZING THE RETENTION AND COMPENSATION OF
CERTAIN PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

I, Bruno Vuillermoz, declare under penalty of perjury:

1. I am a Partner of the Firm Laurent & Charras, located at 50 chemin de la Bruyère, 69574 Dardilly Cedex, France (the "Firm").  This Declaration amends and restates the *Declaration of Disinterestedness of Laurent & Charras Pursuant to the Order Authorizing the Retention and Compensation of Certain Professionals Utilized in the Ordinary Course of Business* [Docket No. 500] in its entirety as follows:

2. Dura Automotive Systems, LLC and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), have requested that the Firm provide patent and trademark services to the Debtors, namely Dura Operating, LLC, and the Firm has consented to provide such services.

---

[1] The debtor entities in these chapter 11 cases, along with the last four digits of each Debtor entity's federal tax identification number, are:  Dura Automotive Systems Cable Operations, LLC (7052); Dura Automotive Systems, LLC (8111); Dura Fremont L.L.C. (1252); Dura G.P. (8092); Dura Mexico Holdings, LLC (4188); Dura Operating, LLC (2304); and NAMP, LLC (3693). Dura Automotive Systems, LLC's service address is:  1780 Pond Run, Auburn Hills, Michigan 48326.

3.     This Declaration is submitted in compliance with the *Order Authorizing the Retention and Compensation of Certain Professionals Utilized in the Ordinary Course of Business* [Docket No. 388] (the "OCP Order"), which OCP Order I have reviewed. I understand the limitations on compensation and reimbursement under such OCP Order.

4.     The Firm is a legal services firm, specializing in patents and trademarks.

5.     The Firm provided services to the Debtors prior to the Petition Date of October 17, 2019.

6.     The Firm may have performed services in the past, may currently perform services and may perform services in the future, in matters unrelated to the Debtors or these chapter 11 cases for persons that are parties in interest in the Debtors' chapter 11 cases. The Firm does not perform services for any such person in connection with the Debtors or these chapter 11 cases, or have any relationship with any such person, their attorneys, or accountants that would be adverse to the Debtors or their estates with respect to the matter on which the Firm is proposed to be employed.

7.     As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases.

8.     Neither I nor any principal, partner, director, officer, etc., of or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm, except as set forth herein.

9. Neither I nor any principal, partner, director, officer, of or professional employed by, the Firm, insofar as I have been able to ascertain, holds, or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which this Firm is to be employed.

10. The Firm intends to bill the Debtors for professional services rendered in connection with these chapter 11 cases, in accordance with the OCP Order, with such bill to include compensation for services based on the hourly rates set forth below, plus reimbursement of actual and necessary expenses and other charges incurred by the Firm. The principal professionals designated to represent the Debtors and their current standard rates are:

- Hourly rates: Fabien Thollot ($350) and Idriss Semaoune ($450);
- Official fees paid to the Intellectual Property Offices; and
- Professional fees of the foreign associates of the Firm, set forth below, which hourly rates are reasonably expected to range from $350-$450 per hour:

| Law Firm | Attorney Name |
| --- | --- |
| Runping & Partners | Guoping Liu |
| China Patent Agent (H.K.) Ltd. | Steven Zhao |
|  | Owen Ma |
| Jiaquan IP Law | Mango Shufang Peng |
| Reising Ethington P.C. | Matthew J. Schmidt |
| Marshall, Gerstein & Borun LLP | Jeremy D. Protas |
| Dreiss Patentanwälte PartG mbB | K. Thielking |
| Logos-Valverde Marcas e Patentes | Ariadne Valverde |

11. The Firm does not keep time records in one-tenth of an hour increments in the ordinary course of business; rather, the Firm keeps time records in one-half of an hour increments by means of a dedicated professional software.

12. As of the Petition Date, the Firm held a prepetition retainer of $0.

13. The Debtors owe the Firm $148,049.46 for prepetition services, the payment of which is subject to limitations contained in the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532.

3

14. I understand that the amount owed by any of the Debtors to the Firm for prepetition services will be treated as a general unsecured claim, and as such, the Firm may file a proof of claim. I further understand that this Declaration will not suffice as the Firm's proof of claim.

15. As of October 17, 2019, which was the date on which the Debtors commenced these chapter 11 cases, the Firm was not party to an agreement for indemnification with certain of the Debtors.

16. The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

[*Remainder of page intentionally left blank.*]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: April 30, 2020

_____
Bruno Vuillermoz