## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| DURA AUTOMOTIVE SYSTEMS, LLC, *et al.*,[1] | Case No. 19-12378-KBO |
| Debtors. | Jointly Administered |
| | **Hearing Date: May 20, 2020 at 10:00 a.m. (ET)** |
| | **Objection Deadline: May 13, 2020 at 4:00 p.m. (ET)** |
| | **Re: Docket Nos. 572, 573, 591 & 896** |

### OBJECTION AND RESERVATION OF RIGHTS
### OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS
### TO THE ADEQUACY OF THE DEBTORS' DISCLOSURE STATEMENT

The Official Committee of Unsecured Creditors (the "<u>Committee</u>") of Dura Automotive Systems, LLC, *et al.* (collectively, the "<u>Debtors</u>") submits this objection and reservation of rights (the "<u>Objection</u>") to the adequacy of the information in the Debtors' proposed *Disclosure Statement for Joint Chapter 11 Plan of Dura Automotive Systems, LLC and its Debtor Affiliates* [Docket No. 573] (the "<u>Disclosure Statement</u>") for the *Joint Chapter 11 Plan of Dura Automotive Systems, LLC and its Debtor Affiliates* [Docket No. 572] (the "<u>Plan</u>"), as well as the *Debtors' Motion for Entry of an Order (I) Approving the Adequacy of the Disclosure Statement, (II) Approving the Solicitation and Notice Procedures with Respect to Confirmation of the Joint Chapter 11 Plan of Dura Automotive Systems, LLC and Its Debtor Affiliates, (III) Approving the Forms of Ballots and Notices in Connection Therewith, and (IV) Scheduling Certain Dates with Respect Thereto* [Docket No. 591] (the "<u>Disclosure Statement Motion</u>").  In support of this Objection, and supplemented by the general Reservation of Rights at the end of this pleading, the

---

[1]      The debtor entities in these chapter 11 cases, along with the last four digits of each Debtor entity's federal tax identification number, are: Dura Automotive Systems Cable Operations, LLC (7052); Dura Automotive Systems, LLC (8111); Dura Fremont L.L.C. (1252); Dura G.P. (8092); Dura Mexico Holdings, LLC (4188); Dura Operating, LLC (2304); and NAMP, LLC (3693).

Committee respectfully states as follows:

## **INTRODUCTION**

1.       On May 12, 2020, the Court held a hearing on the Debtors' proposed sale of their businesses under section 363 of the Bankruptcy Code.  The Committee anticipates that orders approving those sales will be entered imminently, and that those sale orders will provide that the Chapter 11 Cases will be converted to proceedings under chapter 7 of the Bankruptcy Code.  The only remaining assets in the Debtors' bankruptcy estates will be certain claims and causes of action to be pursued by a chapter 7 trustee, or perhaps a liquidating trust.  The Debtors have even admitted that they do not have the liquidity to pay all administrative and priority claims at this time, a requirement for confirmation of any plan under section 1129 of the Bankruptcy Code.

2.       These recent developments are not adequately disclosed in the Disclosure Statement.  What's more, given the approval of the sales and the anticipated conversion of the Chapter 11 Cases, the Disclosure Statement should not be approved and the Disclosure Statement Motion should be denied.

3.       To the extent that these Chapter 11 Cases are not converted, the Committee reserves all of its rights with respect to the Plan, Disclosure Statement and Disclosure Statement Motion. Indeed, the Committee believes that there were fundamental problems with the Plan, but does not seek to litigate those issues now as they are moot because of the sale.

## **BACKGROUND**

4.       On October 17, 2019 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  By filing the petitions, the Debtors commenced the cases pending as *In re Dura Automotive Systems, LLC et al.* (collectively, the "Bankruptcy Cases").  The Debtors continue to operate their business and

manage their property as debtors-in-possession under sections 1107 and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in the Bankruptcy Cases.

5.      On January 17, 2020, the Debtors filed the Plan and Disclosure Statement.

6.      On January 27, 2020, Debtors filed the Disclosure Statement Motion.

7.      Consideration of the Disclosure Statement and Disclosure Statement Motion has been continued for hearing on May 20, 2020 at 10:00 a.m. [Docket No. 896].

8.      On April 17, 2020, the Debtors filed *Notice of Debtors' Entry into Stock and Asset Purchase Agreement for Sale of Debtors' European Business Filed by Dura Automotive Systems, LLC* [Docket No. 894] (the "European Sale").  On April 30, 2020, the Debtors filed the *Notice of Debtors' Entry into Stock And Asset Purchase Agreement for Sale Of Debtors North American Business* [Docket No. 931] (the "North American Sale," together, with the European Sale, the "Sales").

9.      On April 29, 2020, the Debtors filed the Second Exclusivity Motion, by which the Debtors seek a further 30-day extension of the Exclusivity Periods to finalize their sale process.

10.     On May 12, 2020, the Court held a hearing to consider approval of the Sales.  The Court approved the Sales at that hearing, and the Committee anticipates that orders approving the Sales will be entered very soon.  Those sales orders will likely include language directing the Debtors to convert the Chapter 11 Cases to proceedings under chapter 7 of the Bankruptcy Code shortly after the closing of the Sales.  The Debtors anticipate that the North American Sale is set to close within days and the European Sale is set to close by the end of May.  The Debtors do not anticipate having sufficient funds after closing to pay all administrative and priority claims immediately, rather, the Debtors' bankruptcy estates will hold valuable causes of action to be pursued by a chapter 7 trustee, or with the agreement of the Committee, Zohar and Bardin Hill a

liquidating trust.

## ARGUMENT

11.    The Disclosure Statement should not be approved for two reasons: (i) the Disclosure Statement does not contain adequate information; and (ii) the Sales have made the Plan patently unconfirmable.

**A.    The Disclosure Statement Does Not Contain Sufficient Information.**

12.    Section 1125(b) conditions solicitation of a plan upon "a written disclosure statement approved . . . by the court as containing adequate information." 11 U.S.C. § 1125(b). Section 1125(a) defines "adequate information" as information "in sufficient detail, as far as is reasonably practicable . . . that would enable [] a hypothetical investor . . . to make an informed judgment about the plan." 11 U.S.C. § 1125(a)(1).

13.    As the Third Circuit Court of Appeals has observed, it is critical that a disclosure statement contain sufficient information because creditors and the Court rely upon the disclosure statement as the basis upon which to evaluate the proposed plan. *See Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1988) ("Given this reliance, we cannot overemphasize the debtor's obligation to provide sufficient data to satisfy the Code standard of 'adequate information.'"); *see also Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 362 (3d Cir. 1996) ("[D]isclosure requirements are crucial to the effective functioning of the federal bankruptcy system [because] creditors and the bankruptcy court rely heavily on the debtor's disclosure statement in determining whether to approve a proposed reorganization plan . . . ."). The Third Circuit has called the filing a disclosure statement with adequate information a "pivotal concept in reorganization under the Code." *Onieda Motor Freight, Inc.*, 848 F.2d at 417. "The importance of full disclosure is underlain by the reliance placed upon the disclosure statement

by the creditors and the court." *Id*.

14.    Whether a disclosure statement contains adequate information for purposes of section 1125 is within the sole discretion of the Court and is to be determined on a case by case basis. *Tex. Extrusion Corp. v. Lockheed Corp. (In re Tex. Extrusion Corp.),* 844 F.2d 1142, 1157 (5th Cir. 1988); *In re River Village Assocs.*, 181 B.R. 795, 804 (E.D. Pa. 1995). However, as a general rule, "[t]he plan proponent bears the ultimate risk of nonpersuasion on the questions of compliance with the requirement to disclose adequate information . . . ." *In re Michelson*, 141 B.R. 715, 720 (Bankr. E.D. Cal. 1992).

15.    Here, the Sales and the terms thereof are not adequately disclosed, nor is there a sufficient description of the Debtors' remaining assets – certain claims and causes of action. As a consequence, the Disclosure Statement should not be approved and the Disclosure Statement Motion should be denied.

**B.    The Plan is Patently Unconfirmable.**

16.    It is black letter law that a disclosure statement describing a plan that cannot be confirmed cannot be approved, regardless of the amount of disclosure it contains. See, e.g., *In re Am. Capital Equip., LLC*, 688 F.3d 145, 154 (3d Cir. 2012).

17.    Here, the Plan is patently unconfirmable because it diverges from the terms of the Sales approved by the Bankruptcy Court. As a consequence, the Disclosure Statement should not be approved and the Disclosure Statement Motion should be denied.

## **RESERVATION OF RIGHTS**

18.    This Objection is primarily focused on the adequacy of the Debtors' proposed Disclosure Statement and its deficiencies in light of the approval of the Sales.  However, there are number of provisions in the Plan which the Committee believes are violative of the Bankruptcy Code rendering it not confirmable, and/or where the Debtors have not met their burden as to how each of the confirmation standards have been met.  The Committee reserves all objections to confirmation of any proposed plan and all related rights, whether based on objections raised herein or not.

*[remainder of page intentionally left blank]*

## CONCLUSION

WHEREFORE, the Committee requests that the Court (i) not approve the Disclosure Statement, (ii) deny the Disclosure Statement Motion, and (iii) granting such other and further relief to the Committee as the Court may deem just and proper.

Dated: May 13, 2020

    Respectfully submitted,

| | |
|---|---|
| _/s/ Jennifer R. Hoover_ | Oscar N. Pinkas (admitted _pro hac vice_) |
| Jennifer R. Hoover (DE No. 5111) | Lauren Macksoud (admitted _pro hac vice)_ |
| Kevin M. Capuzzi (DE No. 5462) | DENTONS US LLP |
| BENESCH, FRIEDLANDER, COPLAN & | 1221 Avenue of the Americas |
| ARONOFF LLP | New York, NY  10020 |
| 222 Delaware Avenue, Suite 801 | Telephone:  (212) 768-6700 |
| Wilmington, DE 19801 | Facsimile:  (212) 768-6800 |
| Telephone:  (302) 442-7010 | Email: oscar.pinkas@dentons.com |
| Facsimile:  (302) 442-7012 |     lauren.macksoud@dentons.com |
| E-mail: jhoover@beneschlaw.com | |
|     kcapuzzi@beneschlaw.com | _-and-_ |
| | |
| _Counsel to the Official Committee of Unsecured_ | James R. Irving (admitted _pro hac vice_) |
| _Creditors_ | April A. Wimberg (admitted _pro hac vice_) |
| | DENTONS BINGHAM GREENEBAUM LLP |
| | 3500 PNC Tower |
| | 101 South Fifth Street |
| | Louisville, Kentucky 40202 |
| | Telephone:  (502) 587-3606 |
| | Facsimile:  (502) 540-2215 |
| | Email:  james.irving@dentons.com |
| |     april.wimberg@dentons.com |
| | |
| | _Counsel to the Official Committee of_ |
| | _Unsecured Creditors_ |