## Exhibit A

**(Revised Proposed Order)**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| DURA AUTOMOTIVE SYSTEMS, LLC, *et al.*,[1] | ) | Case No. 19-12378 (KBO) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## ORDER AUTHORIZING AND APPROVING PROCEDURES
## TO REJECT EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), authorizing and approving the Rejection Procedures for rejecting the Contracts, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided, except as set forth herein; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this

---

[1]    The debtor entities in these chapter 11 cases, along with the last four digits of each Debtor entity's federal tax identification number, are:  Dura Automotive Systems Cable Operations, LLC (7052); Dura Automotive Systems, LLC (8111); Dura Fremont L.L.C. (1252); Dura G.P. (8092); Dura Mexico Holdings, LLC (4188); Dura Operating, LLC (2304); and NAMP, LLC (3693).  Dura Automotive Systems, LLC's service address is:  1780 Pond Run, Auburn Hills, Michigan 48326.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth

in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of

the proceedings had before this Court; and after due deliberation and sufficient cause appearing

therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The following Rejection Procedures are approved in connection with rejecting

Contracts:

      a.     ***Rejection Notices***.  The Debtors shall file notices substantially in the form attached hereto as **Exhibit 1** (each, a "Rejection Notice") to propose the rejection of certain Contracts pursuant to section 365 of the Bankruptcy Code, which Rejection Notice shall set forth, among other things:  (i) the Contract or Contracts to be rejected; (ii) the Debtor or Debtors party to such Contract; (iii) the names and addresses of the counterparties to such Contract (each, a "Rejection Counterparty"); and (iv) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below).  The Rejection Notice may list multiple Contracts; *provided* that the number of Contracts listed on each Rejection Notice shall be limited to no more than 100.  The effective date of rejection for the Contracts set forth on the applicable Rejection Notice shall be the date the Rejection Notice was filed (the "Rejection Effective Date").  The Debtors shall file Rejection Notices promptly following the Purchasers' determination that they do not desire assumption or assignment of the applicable Contracts, and in any event the Debtors shall file Rejection Notices with respect to all Contracts that have not been assumed and assigned to the Purchasers no later than sixty (60) days following the date on which both sales have closed.

      b.     ***Service of the Rejection Notices***.  The Debtors will cause such Rejection Notice to be served:  (i) by overnight delivery service upon the Rejection Counterparties affected by such Rejection Notice at the notice address provided in the applicable Contract (and upon such Rejection Counterparty's counsel, if known); and (ii) by first class mail, email, or fax, upon (A) the U.S. Trustee; (B) the Committee; (C) counsel to the agent under the Debtors' prepetition secured revolving credit agreement; (D) counsel to the agent under the Debtors' prepetition secured term loan credit agreement; (E) counsel to the agent under the Debtors' debtor-in-possession financing facility; (F) the offices of the attorneys general for the states in which the Debtors operate; (G) the United States Attorney's Office for the District of Delaware; (H) the Internal Revenue Service; and

(I) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Master Notice Parties").

c.   **Objection Procedures**.  Parties objecting to a proposed rejection must file a written objection so that such objection is filed with this Court on the docket of the Debtors' chapter 11 cases and is served on the following parties (collectively, the "Objection Service Parties") no later than fourteen (14) days after the date the Debtors file and serve the relevant Rejection Notice (the "Rejection Objection Deadline"):  (i) the Debtors, Dura Automotive Systems, LLC, 1780 Pond Run, Auburn Hills, Michigan 48326, Attn: Jim Riedy (riedy.j@duraauto.com); (ii) counsel to the Debtors, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn:  Gregory F. Pesce (gregory.pesce@kirkland.com) and Christopher S. Koenig (chris.koenig@kirkland.com); (iii) co-counsel to the Debtors, Bayard, P.A., 600 North King Street, Suite 400, Wilmington, Delaware 19801, Attn:  Erin R. Fay (efay@bayardlaw.com); (iv) counsel to the agent under the Debtors' debtor-in-possession financing facility, Arnold & Porter Kaye Scholer LLP, 70 West Madison Street, Suite 4200, Chicago, IL 60602, Attn:  Brian J. Lohan (brian.lohan@arnoldporter.com) and Womble Bond Dickinson (US) LLP, 222 Delaware Avenue, Suite 1501, Wilmington, Delaware 19801, Attn:   Matthew P. Ward (matthew.ward@wbd-us.com); (v) counsel to the Committee, Dentons US LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: Oscar N. Pinkas (oscar.pinkas@dentons.com) and Lauren Macksoud (lauren.macksoud@dentons.com) and Benesch, Friedlander, Coplan & Aronoff LLP, 222 Delaware Avenue, Suite 801, Wilmington, Delaware 19801, Attn:  Jennifer R. Hoover (jhoover@beneschlaw.com) and Kevin M. Capuzzi (kcapuzzi@beneschlaw.com); and (vi) the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn:  Juliet M. Sarkessian (juliet.m.sarkessian@usdoj.com).

d.   **No Objection Timely Filed**.  If no objection to the rejection of a Contract is timely filed, the Debtors shall file with the Court a proposed order to approve the rejection of such Contract(s) under certificate of counsel.  Upon entry of the order by the Court, each Contract listed in the proposed order shall be rejected as of the Rejection Effective Date.

e.   **Unresolved Timely Objection**.  If an objection to the rejection of any Contract(s) listed in a Rejection Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall schedule a hearing to consider the rejection of the Contract(s) implicated by such objection(s) and shall provide at least seven (7) days' notice of such hearing to the applicable Rejection Counterparty and the other Objection Service Parties.  If such objection is overruled by the Court or withdrawn, such Contract shall be rejected as of the applicable Rejection Effective Date.

     f.    ***Deposits***.  If the Debtors have deposited monies with a Rejection Counterparty as a security deposit or other arrangement, such Rejection Counterparty may not set off, recoup or otherwise use such deposit without the prior approval of the Court (and upon receiving such approval, such Rejection Counterparty shall promptly provide an accounting of the setoff or recoupment to the Debtors).

     g.    ***Proofs of Claim***.  Claims arising out of the rejection of Contracts, if any, must be filed on or before thirty (30) days after (i) if no objection is timely filed with respect to such Contract, the Rejection Objection Deadline, and (ii) if an objection is timely filed with respect to such Contract, the date that all such filed objections have either been overruled or withdrawn.  If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases.

3.     Approval of the Rejection Procedures and this Order will not prevent the Debtors from seeking to reject, assume, or assume and assign a Contract by separate motion.

4.     The form of Rejection Notice attached hereto as **<u>Exhibit 1</u>** is approved.

5.     The 14-day stay required of any assignment of any Contract pursuant to Bankruptcy Rule 6006(d) is hereby waived.

6.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' or any other party-in-interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or any other party-in-interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or any other party-in-interest that any liens (contractual, common law, statutory, or otherwise) satisfied

pursuant to the Motion are valid and the Debtors and all other parties-in-interest expressly reserve their rights to contest the extent, validity, or perfection, or to seek avoidance of all such liens.

7.      All rights and defenses of the Debtors and the Rejection Counterparties are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a Contract rejection, including any right to assert an offset, recoupment, counterclaim, or deduction.  In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract is terminated, expired, or otherwise no longer an executory contract or unexpired lease.

8.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

9.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

10.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

11.     The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## **EXHIBIT 1**

**Rejection Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DURA AUTOMOTIVE SYSTEMS, LLC, *et al.*,[1] | ) | Case No. 19-12378 (KBO) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Docket No. ____** |
| | ) | |

**OMNIBUS NOTICE OF REJECTION OF**
**CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES**

**PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS OR LEASES ON SCHEDULE A ATTACHED HERETO AND READ THE CONTENTS OF THIS NOTICE CAREFULLY.**

**PLEASE TAKE NOTICE** that on [_____], 2020, the United States Bankruptcy Court for the District of Delaware (the "Court") entered the *Order Authorizing and Approving Procedures to Reject Executory Contracts and Unexpired Leases* approving procedures for the rejection of executory contracts and unexpired leases [Docket No. ____] (the "Rejection Procedures Order").[2]

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Rejection Procedures Order and by this written notice (this "Rejection Notice"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, to seek rejection of each Contract set

---

[1]   The debtor entities in these chapter 11 cases, along with the last four digits of each Debtor entity's federal tax identification number, are:  Dura Automotive Systems Cable Operations, LLC (7052); Dura Automotive Systems, LLC (8111); Dura Fremont L.L.C. (1252); Dura G.P. (8092); Dura Mexico Holdings, LLC (4188); Dura Operating, LLC (2304); and NAMP, LLC (3693).  Dura Automotive Systems, LLC's service address is:  1780 Pond Run, Auburn Hills, Michigan 48326.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Rejection Procedures Order.

forth on **Schedule A** attached hereto, effective as of the date hereof (the "Rejection Effective Date").

     **PLEASE TAKE FURTHER NOTICE** that parties seeking to object to the proposed rejection of any of the Contracts must file and serve a written objection so that such objection is filed with the Court on the docket of the Debtors' chapter 11 cases and is served on the following parties no later than fourteen (14) days after the date that the Debtors served this Notice: (a) the Debtors, Dura Automotive Systems, LLC, 1780 Pond Run, Auburn Hills, Michigan 48326, Attn: Jim Riedy (riedy.j@duraauto.com); (b) counsel to the Debtors, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, Illinois 60654, Attn: Gregory F. Pesce (gregory.pesce@kirkland.com) and Christopher S. Koenig (chris.koenig@kirkland.com); (c) co-counsel to the Debtors, Bayard, P.A., 600 North King Street, Suite 400, Wilmington, Delaware 19801, Attn: Erin R. Fay (efay@bayardlaw.com); (d) counsel to the agent under the Debtors' debtor-in-possession financing facility, Arnold & Porter Kaye Scholer LLP, 70 West Madison Street, Suite 4200, Chicago, IL 60602, Attn: Brian J. Lohan (brian.lohan@arnoldporter.com) and Womble Bond Dickinson (US) LLP, 222 Delaware Avenue, Suite 1501, Wilmington, Delaware 19801, Attn: Matthew P. Ward (matthew.ward@wbd-us.com); (e) counsel to the Committee, Dentons US LLP, 1221 Avenue of the Americas, New York, New York 10020, Attn: Oscar N. Pinkas (oscar.pinkas@dentons.com) and Lauren Macksoud (lauren.macksoud@dentons.com) and Benesch, Friedlander, Coplan & Aronoff LLP, 222 Delaware Avenue, Suite 801, Wilmington, Delaware 19801, Attn: Jennifer R. Hoover (jhoover@beneschlaw.com) and Kevin M. Capuzzi (kcapuzzi@beneschlaw.com); and (f) the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Juliet M. Sarkessian

2

(juliet.m.sarkessian@usdoj.com).    Only those responses that are timely filed, served, and received will be considered at any hearing.

**PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely filed, the rejection of each Contract shall become effective on the Rejection Effective Date.[3]

**PLEASE TAKE FURTHER NOTICE** that, if an objection to the rejection of any Contract is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection for the Contract or Contracts to which such objection relates.  If such objection is overruled or withdrawn, such Contract or Contracts shall be rejected as of the Rejection Effective Date.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the terms of the Rejection Procedures Order, if the Debtors have deposited monies with a Rejection Counterparty as a security deposit or other arrangement, the Rejection Counterparty may not set off or recoup or otherwise use such monies without further order of the Court.

**PLEASE TAKE FURTHER NOTICE** that, to the extent you wish to assert a claim with respect to rejection of your Contract or Contracts, you must do so on or before thirty (30) days after (i) if no objection is timely filed with respect to such Contract, the Rejection Objection Deadline, and (ii) if an objection is timely filed with respect to such Contract, the date that all such filed objections have either been overruled or withdrawn.  IF YOU FAIL TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM BY THE DEADLINE SET FORTH HEREIN, YOU WILL BE, FOREVER BARRED, ESTOPPED,

---

[3]    An objection to the rejection of any particular Contract listed in this Rejection Notice shall not constitute an objection to the rejection of any other Contract listed in this Rejection Notice.  Any objection to the rejection of any particular Contract listed in this Rejection Notice must state with specificity the Contract to which it is directed.  For each particular Contract whose rejection is not timely or properly objected to, such rejection will be effective in accordance with this Rejection Notice and the Rejection Procedures Order.

AND ENJOINED FROM (A) ASSERTING A CLAIM AGAINST ANY OF THE DEBTORS AND THEIR CHAPTER 11 ESTATES FOR DAMAGES ARISING FROM THE REJECTION, AND (B) FROM PARTICIPATING IN ANY DISTRIBUTIONS ON SUCH A CLAIM THAT MAY BE MADE IN CONNECTION WITH THESE CHAPTER 11 CASES.

[*Remainder of page intentionally left blank*.]

Dated: _____, 2020
      Wilmington, Delaware

**BAYARD, P.A.**

*/s/ DRAFT*
_____
Erin R. Fay (No. 5268)
Daniel N. Brogan (No. 5723)
600 N. King Street, Suite 400
Wilmington, Delaware 19801
Telephone:  (302) 655-5000
Facsimile:  (302) 658-6395
E-mail:      efay@bayardlaw.com
          dbrogan@bayardlaw.com

- and -

James H.M. Sprayregen, P.C.
Ryan Blaine Bennett, P.C. (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
Email:       jsprayregen@kirkland.com
          rbennett@kirkland.com
          gregory.pesce@kirkland.com

- and -

Christopher Marcus, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
Email:       cmarcus@kirkland.com

*Co-Counsel to the Debtors and Debtors in Possession*

**Schedule A**

**Rejected Contracts**

| Rejection Counterparty | Debtor Counterparty | Description of Contract[1] |
|---|---|---|
|  |  |  |

---

[1]  The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the Rejection Counterparty or Rejection Counterparties to such Contract.