IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---

| | |
|---|---|
| In re | : Chapter 11 |
| DURA AUTOMOTIVE SYSTEMS, LLC, *et al.*,[1] | : Case No. 19-12378 (KBO) |
| Debtors. | : (Jointly Administered) |
| | : Re Docket Nos: 8, 120, 361, 507 |

**SUPPLEMENTAL DECLARATION OF BENJAMIN J. STEELE
IN SUPPORT OF (I) RETENTION AND APPOINTMENT OF
PRIME CLERK LLC AS CLAIMS AND NOTICING AGENT AND
(II) EMPLOYMENT AND RETENTION OF PRIME CLERK LLC AS
ADMINISTRATIVE ADVISOR, *NUNC PRO TUNC* TO PETITION DATE**

I, Benjamin J. Steele, declare as follows:

1. I am a Vice President of Prime Clerk LLC ("**Prime Clerk**"), a chapter 11 administrative services firm whose headquarters are located at One Grand Central Place, 60 East 42nd Street, Suite 1440, New York, New York 10165. Except as otherwise noted, I have personal knowledge of the matters set forth herein, and if called and sworn as a witness, I could and would testify competently thereto.

2. On October 21, 2019, the United States Bankruptcy Court for the Middle District of Tennessee (the "**Tennessee Court**") entered the *Expedited Order Authorizing Retention and Appointment of Prime Clerk LLC as Claims and Noticing Agent* [Docket No. 120], authorizing the above-captioned debtors and debtors-in-possession (collectively, the "**Debtors**") to retain and appoint Prime Clerk as the Debtors' claims and noticing agent, *nunc pro tunc* to October 17, 2019

---

[1] The debtor entities in these chapter 11 cases, along with the last four digits of each Debtor entity's federal tax identification number, are: Dura Automotive Systems Cable Operations, LLC (7052); Dura Automotive Systems, LLC (8111); Dura Fremont L.L.C. (1252); Dura G.P. (8092); Dura Mexico Holdings, LLC (4188); Dura Operating, LLC (2304); and NAMP, LLC (3693). Dura Automotive Systems, LLC's service address is: 1780 Pond Run, Auburn Hills, Michigan 48326.

(the "**Petition Date**").  On November 1, 2019, the Tennessee Court entered an agreed order in the Debtors' chapter 11 cases transferring the Debtors' chapter 11 cases to this the United States Bankruptcy Court for the District of Delaware (the "**Court**"), effective as of November 8, 2019 at 12:01 a.m.

3. On January 2, 2019, the Court entered the *Order Authorizing Employment and Retention of Prime Clerk LLC as Administrative Advisor <u>Nunc Pro Tunc</u> to the Petition Date* [Docket No. 507], which authorized the Debtors to retain Prime Clerk as administrative advisor in these chapter 11 cases *nunc pro tunc* to October 17, 2019.  In connection with Prime Clerk's retention in the Debtors' chapter 11 cases, Prime Clerk filed declarations regarding its and lack of adversity towards the Debtors [Docket Nos. 8, Ex. B, 361, Ex. B] (together, the "**Declarations**").

4. As disclosed in the Declarations, Prime Clerk is an indirect subsidiary of Duff & Phelps LLP ("**D&P**").  D&P is the global advisor that protects, restores and maximizes value for clients.  Within the D&P corporate structure, Prime Clerk operates independently from D&P. As such, any relationships that D&P and its affiliates maintain do not create an interest of Prime Clerk that is materially adverse to the Debtors' estates or any class of creditors or security holders.  As stated in the Declarations, at the time of the filing of the Declarations, D&P did not appear on the list of potential parties in interest.

5. Prime Clerk has learned that the Debtors have since retained D&P as an ordinary course professional to provide certain incentive consulting services to the Debtors, including, among other things, assessing the potential for participation in state and local incentive programs and estimating the potential value of such incentives.  It is my understanding that the Debtors agreed to pay D&P a contingent fee calculated as a percentage of any savings resulting from the Debtors' acceptance of incentives identified by D&P.

6. Prime Clerk does not believe that this connection presents an interest materially adverse to the Debtors' estates, and discloses this connection out of an abundance of caution. To the best of my knowledge, Prime Clerk continues to be a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and does not hold or represent an interest materially adverse to the Debtors' estates.

To the best of my knowledge, information and belief, and after reasonable inquiry, I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Benjamin J. Steele*
Benjamin J. Steele