## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| DURA AUTOMOTIVE SYSTEMS, LLC, *et al.*,[1] | Case No. 19-12378 (KBO) |
| | (Jointly Administered) |
| Debtors. | Hearing Date: To Be Scheduled If Necessary<br>Obj. Deadline: August 12, 2020 at 4:00 p.m. (ET) |

**FOURTH MONTHLY FEE APPLICATION OF BAYARD, P.A. FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS CO-COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD FROM APRIL 1, 2020 THROUGH APRIL 30, 2020**

| | |
|---|---|
| **Applicant** | Bayard, P.A. |
| **Name of Client** | Debtors |
| **Time Period Covered by Application** | April 1, 2020 – April 30, 2020 |
| **Total Compensation Sought by Application** | $37,377.00[2] |
| **Total Expenses Sought by Application** | $200.35 |
| **Petition Date** | October 17, 2019 |
| **Date of Order Approving Employment** | January 2, 2020 (*nunc pro tunc* to October 21, 2019) |
| **Total Compensation Approved by Interim Order to Date** | $332,404.50[3] |
| **Total Expenses Approved by Interim Order to Date** | $13,186.32 |
| **Total Allowed Compensation Paid to Date** | $332,404.50 |

---

[1] The debtor entities in these chapter 11 cases, along with the last four digits of each Debtor entity's federal tax identification number, are: Dura Automotive Systems Cable Operations, LLC (7052); Dura Automotive Systems, LLC (8111); Dura Fremont L.L.C. (1252); Dura G.P. (8092); Dura Mexico Holdings, LLC (4188); Dura Operating, LLC (2304); and NAMP, LLC (3693). Dura Automotive Systems, LLC's service address is: 1780 Pond Run, Auburn Hills, Michigan 48326.

[2] Bayard has voluntarily reduced the fees requested in this Fourth Monthly Fee Statement by $381.00 for time spent by attorneys on e-filing. Such time was reduced and billed at the paralegal rate.

[3] Bayard agreed to a reduction of $3,150.00 in requested fees for the first interim period, based on comments from the Court, and voluntarily reduced its requested fees by $445.00 during the second interim period.

| | |
|---|---|
| **Total Allowed Expenses Paid to Date** | $13,186.32 |
| **Blended Rate in Application for All Attorneys** | $495.40 |
| **Blended Rate in Application for All Timekeepers** | $446.56 |

This is Bayard's fourth monthly fee application in these cases.

The time expended in preparation of this fee application is not included herein as such time was expended after the application period.

**Summary of Bayard Fee Statements**

| Date & D.I. | Filing Period | Requested Fees | Requested Expenses | CNO/ Order Date | Approved Fees | Approved Expenses | Total Unpaid | Fees/Expenses Disallowed or Withdrawn |
|---|---|---|---|---|---|---|---|---|
| 1/21/20 [D.I. 574] | 10/21/19 through 11/30/19 | $114,961.00 | $5,670.00 | 2/12/20 | $111,810.00 | $5,670.00 | $0.00 | $3,151.00 |
| 2/5/20 [D.I. 611] | 12/1/19 through 12/31/19 | $73,642.50 | $2,561.65 | 2/27/20 | $73,642.50 | $2,561.65 | $0.00 | $0.00 |
| 4/24/20 [D.I. 922] | 1/1/20 through 3/31/20 | $146,952.00[4] | $4,954.67 | 5/18/20 | $146,952.00 | $4,954.67 | $0.00 | $0.00 |
| **Cumulative Totals** | | $335,555.50 | $13,186.32 | | $332,405.50 | $13,186.32 | $0.00 | $3,151.00 |

---

[4] Bayard voluntarily reduced the requested fees in its Third Monthly Fee Statement by $445.00 for time spent by attorneys on e-filing. Such time was reduced and billed at the paralegal rate.

**Timekeeper Summary**

| Timekeeper | Position | Description | Rate | Hours | Amount |
|---|---|---|---|---|---|
| Erin R. Fay | Director | Director since 2019.  Joined firm in 2017. Member of DE and WI Bars since 2009.  Areas of Expertise:  Bankruptcy and Litigation. | $575.00 | 12.4 | $7,130.00 |
| Daniel N. Brogan | Associate | Associate since 2018. Member of DE Bar since 2012. Area of Expertise:  Bankruptcy. | $500.00 | 42.5 | $20,942.50[5] |
| Sophie E. Macon | Associate | Associate since 2018. Joined firm in 2017.  Member of DE Bar since 2018.  Area of Expertise: Bankruptcy. | $400.00 | 8.4 | $3,286.50[6] |
| Kristin McCloskey | Paralegal | Paralegal.  Joined firm in 2020. Area of Expertise:  Bankruptcy. | $295.00 | 20.4 | $6,018.00 |
| | | | **Totals** | **83.7** | **$37,377.00** |
| | | | **Attorney Only Blended Rate:** | | **$495.40** |
| | | | **All Timekeeper Blended Rate:** | | **$446.56** |

---

[5] Bayard voluntarily reduced fees requested for time billed by Daniel N. Brogan by $307.50 for time spent e-filing documents in these cases.  Such time was billed at the paralegal rate.

[6] Bayard voluntarily reduced fees requested for time billed by Sophie E. Macon by $73.50 for time spent e-filing documents in these cases.  Such time was billed at the paralegal rate.

**Project Category Summary by Task Code**

| Project Category | Hours | Amount |
|---|---|---|
| Litigation/Adversary Proceedings (AP) | 8.0 | $4,104.00 |
| Case Administration (CA) | 1.7 | $725.50 |
| Court Hearings (CH) | 35.3 | $15,502.00[7] |
| Cash Collateral and DIP Financing (CR) | 9.9 | $4,366.50[8] |
| Disclosure Statement (DS) | 1.0 | $500.00 |
| Other Professional Retention Applications (EA2) | 2.6 | $1,005.50 |
| Lease/Executory Contracts (EC) | 0.2 | $115.00 |
| Bayard Fee Applications (F1) | 10.8 | $4,706.50[9] |
| Other Professional Fee Applications (F2) | 7.7 | $3,289.50[10] |
| Plan (PL) | 1.3 | $611.00[11] |
| Use, Sale or Lease of Property (SA) | 4.6 | $2,243.00 |
| Trustee Reporting/Schedules (TR) | 0.6 | $208.50 |
| **Totals** | **83.7** | **$37,377.00** |

---

[7] Bayard voluntarily reduced the requested fees in this category by $41.00 for time spent by attorneys on e-filing. Such time was billed at the paralegal rate.

[8] Bayard voluntarily reduced the requested fees in this category by $143.50 for time spent by attorneys on e-filing. Such time was billed at the paralegal rate.

[9] Bayard voluntarily reduced the requested fees in this category by $82.00 for time spent by attorneys on e-filing. Such time was billed at the paralegal rate.

[10] Bayard voluntarily reduced the requested fees in this category by $73.50 for time spent by attorneys on e-filing. Such time was billed at the paralegal rate.

[11] Bayard voluntarily reduced the requested fees in this category by $41.00 for time spent by attorneys on e-filing. Such time was billed at the paralegal rate.

**Expense Category Summary**

| Expense Category | Amount |
|---|---|
| CourtCall Charges | $38.25 |
| Print Images | $131.10 |
| Pacer Document Downloads | $14.10 |
| Postage | $16.90 |
| **Total** | **$200.35** |

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>DURA AUTOMOTIVE SYSTEMS, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-12378 (KBO)<br><br>(Jointly Administered)<br><br>Hearing Date: To Be Scheduled If Necessary<br>Obj. Deadline: August 12, 2020 at 4:00 p.m. (ET) |

**FOURTH MONTHLY FEE APPLICATION OF BAYARD, P.A. FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS CO-COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD FROM APRIL 1, 2020 THROUGH APRIL 30, 2020**

By this application (the "Application"), pursuant to sections 330 and 331 of title 11 of the United States Code, §§ 101–1532, as amended (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and the *Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals* [D.I. 389] (the "Interim Compensation Order"), and using best efforts to comply with the *U.S. Trustee Program's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 for Attorneys in Larger Chapter 11 Cases* (the "UST Guidelines"), Bayard, P.A. ("Bayard") hereby seeks reasonable compensation in the above-captioned cases of Dura Automotive Systems, LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors") for professional legal services rendered as co-counsel to the Debtors in the

---

[1] The debtor entities in these chapter 11 cases, along with the last four digits of each Debtor entity's federal tax identification number, are: Dura Automotive Systems Cable Operations, LLC (7052); Dura Automotive Systems, LLC (8111); Dura Fremont L.L.C. (1252); Dura G.P. (8092); Dura Mexico Holdings, LLC (4188); Dura Operating, LLC (2304); and NAMP, LLC (3693). Dura Automotive Systems, LLC's service address is: 1780 Pond Run, Auburn Hills, Michigan 48326.

amount of $37,377.00[2] together with reimbursement for actual and necessary expenses incurred in the amount of $200.35 for the period commencing April 1, 2020, through and including April 30, 2020 (the "Compensation Period").  Pursuant to the Interim Compensation Order, Bayard seeks 80% reimbursement of its total reasonable and necessary fees incurred, in the amount of $29,934.40 together with 100% reimbursement for actual and necessary expenses incurred in the amount of $200.35 for the Compensation Period.  In further support of this Application, Bayard respectfully represents as follows:

### Jurisdiction and Venue

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and may be determined by the Bankruptcy Court.

2. Pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

3. The statutory predicates for the relief requested herein are sections 328, 330, and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-2.

### Background

4. On October 17, 2019 (the "Petition Date"), the Debtors commenced these chapter 11 cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Tennessee (the "Tennessee Court").

---

[2] Bayard has voluntarily reduced the fees requested in this Fourth Monthly Fee Statement by $381.00 for time spent by attorneys on e-filing.  Such time was billed at the paralegal rate.

The Debtors continue to manage and operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

5. On October 21, 2019, the Debtors engaged Bayard as Delaware co-counsel in connection with the possible transfer of these cases from the Tennessee Court to this Court.

6. On November 1, 2019, the United States Trustee for the Middle District of Tennessee appointed an official committee of unsecured creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [D.I. 213] comprised of: (i) MetalKraft Industries; (ii) Lorentson Mfg. Co. SW., Inc.; (iii) MultiTech Industries, Inc.; (iv) TF-Metal U.S.A., LLC; and (v) Young Technology, Inc. No request for the appointment of a trustee or examiner has been made in these cases.

7. On November 1, 2019, the Bankruptcy Court for the District of Delaware (the "Court") entered an agreed order in the bankruptcy cases captioned *In re Zohar III, Corp., et al.*, Case No. 18-10512 (KBO) (Bankr. D. Del.) (the "Zohar Chapter 11 Cases") transferring the Debtors' chapter 11 cases to this Court, effective as of November 8, 2019 at 12:01 a.m. (ET) [Zohar Chapter 11 Cases, D.I. 1060]. On November 8, 2019, the transfer (the "Transfer") of these cases to this Court under chapter 11 case number 19-12378 (KBO) was completed. For the avoidance of doubt, the Debtors' chapter 11 cases are being administered separately from the Zohar Chapter 11 Cases.

8. On November 1, 2019, the Office of the United States Trustee (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee") [D.I. 213].

9. On December 3, 2019, the Court entered the Interim Compensation Order.

10. On January 2, 2020, the Court entered the *Order Granting Application of the Debtors for Entry of an Order Pursuant to Bankruptcy Code Sections 327(a), 328, 330, and 1107 Authorizing Employment and Retention of Bayard, P.A. as Co-Counsel for the Debtors and*

*Debtors in Possession Nunc Pro Tunc to October 21, 2019* [D.I. 508] (the "Retention Order") approving the engagement of Bayard as the Debtors' co-counsel in these cases.

11. On June 24, 2020, the Court entered the *Order Approving Procedures for the Conversion of the Debtors' Chapter 11 Cases to Cases Under Chapter 7 of the Bankruptcy Code* [D.I. 1144] (the "Conversion Procedures Order"). Pursuant to the Conversion Procedures Order, the Debtors are authorized to submit a proposed form of order converting these cases to cases under chapter 7 of the Bankruptcy Code after (i) the closing of each of the North American Sale and the European Sale has occurred, (ii) all final fee applications are approved or otherwise resolved, (iii) one or more orders authorizing the Debtors to reject remaining executory contracts and unexpired leases has been entered, (iv) the ABL Challenge Standing Issue has ben fully and finally adjudicated, and (v) the Debtors have fulfilled all outstanding U.S. Trustee obligations. Conversion Procedures Order, ¶¶ 3–4.

12. Further pursuant to the Conversion Procedures Order, all professionals retained in these cases are required to file final fee applications for compensation and reimbursement of expenses incurred by no later than July 24, 2020. Conversion Procedures Order, ¶ 2.

13. Additional factual background regarding the Debtors, including their business operations, their capital and debt structure, and the circumstances supporting these cases, is set forth in the *Declaration of Kevin Grady, Executive Vice President and Chief Financial Officer of Dura Automotive Systems, LLC, in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [D.I. 20] (the "First Day Declaration").

## Relief Requested

14. Bayard submits this Application seeking (i) approval and payment of reasonable compensation for actual, reasonable, and necessary professional services performed by it as co-counsel for the Debtors during the Compensation Period and (b) approval and reimbursement of actual, reasonable, and necessary expenses incurred by Bayard rendering professional services to

4

the Debtors during the Compensation Period. All services for which Bayard requests compensation were performed for, or on behalf of, the Debtors. This Application is made pursuant to the provisions of sections 328, 330, and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, Local Rules 2016-2, the Interim Compensation Order, and the UST Guidelines.

15. This Application is the fourth monthly fee application filed by Bayard in these cases. In connection with the professional services rendered, by this Application, Bayard seeks compensation incurred during the Compensation Period in the amount of $37,377.00 and reimbursement of actual, reasonable, and necessary expenses totaling $200.35 incurred during the Compensation Period.

16. Attached hereto as <u>Exhibit A</u> is a detailed statement of hours Bayard professionals spent rendering legal services to the Debtors supporting Bayard's request of $37,377.00 in compensation for fees incurred during the Compensation Period (the "<u>Invoice</u>"). The Invoice contains detailed time entries for each timekeeper included in this Application. As has been Bayard's practice, the Invoice is arranged by Bayard's internal project categories, descriptions of which follow:

> <u>Litigation/Adversary Proceedings</u> – Bayard incurred time analyzing, corresponding about, and addressing matters related to ongoing litigation and contested matters in these cases, including issues related to standing and an extension of the Committee's challenge period.
>
>     Total Hours: 8.0
>
> <u>Case Administration</u> – During the Compensation Period, maintained an internal critical dates calendar, facilitated the filing of various, notices, motions, and orders, and corresponded about matters related to the administration of these cases.
>
>     Total Hours: 1.7
>
> <u>Court Hearings</u> – During the Compensation Period, Bayard appeared at each hearing in these cases and assisted in the preparation for such hearings. Bayard also incurred time related to contested matters and hearings in the related Zohar III bankruptcy cases, which impacted the Debtors' estates.
>
>     Total Hours: 35.3

Cash Collateral/DIP Financing – During the Compensation Period, Bayard expended time analyzing, corresponding about, and assisting with matters related to the Debtors DIP financing facility, including preparing, revising, and filing documents related thereto.

    Total Hours: 9.9

Disclosure Statement – During the Compensation Period, Bayard expended time related to the Debtors' Disclosure Statement and the motion to approve the Disclosure Statement and related solicitation procedures.

    Total Hours: 1.0

Other Professional Retention Applications - Bayard incurred time reviewing, corresponding about, and preparing and filing documents related to various issues in connection with the retention of other professionals in these cases.

    Total Hours: 2.6

Lease/Executory Contracts – Bayard incurred *de minimis* time corresponding about issues related to the treatment of the Debtors' unexpired leases and executory contracts.

    Total Hours:  0.2

Bayard Fee Applications – Bayard incurred time reviewing, revising, and filing its Third Monthly and Second Interim Fee Applications.

    Total Hours:  10.8

Other Professional Fee Applications – Bayard incurred time reviewing, revising, corresponding about, and filing documents related to the fee applications of the Debtors' other professionals, including Kirkland & Ellis, Jefferies, and Portage Point Partners.

    Total Hours: 7.7

Plan – Bayard incurred time analyzing, corresponding about, and assisting with preparation and filing of documents related to the Debtors' chapter 11 plan, including a motion to extend the Debtors' exclusivity periods.

    Total Hours: 1.3

Use, Sale, or Lease of Property – Bayard incurred time reviewing, analyzing, and corresponding about issues related to the Debtors' sale process and bidding procedures motion and preparing, revising, and filing various documents related thereto.

    Total Hours: 4.6

      <u>Trustee Reporting</u> – Bayard incurred time in connection with the Debtors' monthly operating report for March 2020.

      Total Hours: 0.6

17.    Also included in the Invoice attached hereto as <u>Exhibit A</u> is a breakdown of the hours billed and fees requested for services Bayard rendered to the Debtors arranged by project category and a summary report reflecting the hours spent and amount of compensation requested for each Bayard professional for each project category.

18.    Attached hereto as <u>Exhibit B</u> is a detailed list of disbursements made by Bayard supporting Bayard's request of $200.35 in expense reimbursement for the Compensation Period.

19.    Given the nature and value of the services that Bayard provided to the Debtors as described herein, the amounts sought under this Application are fair and reasonable under section 330 of the Bankruptcy Code.

20.    Bayard has received no payment and no promises for payment from any source for services rendered in connection with these cases other than those in accordance with the Bankruptcy Rules. There is no agreement or understanding between Bayard and any other person (other than members of Bayard) for the sharing of compensation to be received for the services rendered in these cases.

**Basis for Relief**

21.    The applicable standard for compensation of professionals is set forth in section 330(a) of the Bankruptcy Code which provides that a bankruptcy court may award to a professional person employed under sections 327 or 1103 "reasonable compensation for actual, necessary services rendered by [such] . . . attorney . . . and reimbursement of actual, necessary expenses." 11 U.S.C. § 330(a). Further, section 330 provides certain guidelines for the Court to consider with respect to the amount of compensation to be awarded, which include:

>    (A) the time spent on such services;
>
>    (B) the rates charged for such services;
>
>    (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
>    (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed;
>
>    (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in this bankruptcy field; and
>
>    (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

22. Professional services rendered by Bayard during these cases have been itemized by professional, noting each professional's rate and number of hours. A detailed listing of such services provided during the Compensation Period is attached hereto as <u>Exhibit A</u> and a detail of the expenses incurred during the Compensation Period is attached hereto as <u>Exhibit B</u>. Additionally, the qualifications of the Bayard professionals who have been primarily responsible for the provision of services in these cases were included with Bayard's Retention Application. In performing services for the Debtors, Bayard took into account both the hourly rate of the attorney providing the service and the relative skill of the particular attorney as it related to the required tasks. By utilizing those most skilled in a particular area, Bayard was able to provide efficient and effective representation to the Debtors.

A.    **Reasonableness of Compensation Requested**

23. Bayard believes that the hourly rates charged for its attorneys and paralegals are reasonable and competitive with the hourly rates charged by law firms of comparable size and quality with similar expertise and levels of experience as Bayard. The hourly rate of each

8

professional who rendered services in connection with these cases during the Compensation Period is set forth above.

24. Based upon the factors considered pursuant to Bankruptcy Code sections 330 and 331, the quality of the services provided, and the results that have been achieved to date, allowance of the amounts requested is appropriate. Because Bayard's fees and expenses are comparable to those incurred by counsel to similarly situated debtors in cases involving issues of commensurate complexity, Bayard's fees are "reasonable" and should be allowed in the amounts set forth herein.

B. **Novelty and Difficulty of Legal Questions/Skill Requisite to Performing Legal Services**

25. The Debtors' capital structure, the nature of their operations, and the time-sensitive nature of issues related to the Transfer of these cases and the exigent relief sought in these cases required Bayard to assist the Debtors in evaluating several difficult factual and legal issues in connection with the Debtors' cases. Further, there can be no dispute that Bayard's attorneys have devoted significant effort to the Debtors' affairs, as shown by the detailed time entries included in Exhibit A.

C. **Experience, Reputation, and Ability of Attorneys**

26. Bayard has an excellent reputation based upon its experienced and capable group of professionals. Indeed, Bayard was selected as co-counsel to the Debtors due to the experience and expertise of its attorneys in the areas of bankruptcy law, transactions, and other areas directly affecting these cases and the Debtors. The primary Bayard attorneys that represented the Debtors have years of experience and are well-recognized as accomplished professionals in their field. Further, the primary attorneys providing services to the Debtors are each highly educated, skilled, and accomplished bankruptcy and corporate professionals.

27. In summary, all the professional services rendered on the Debtors' behalf have been performed by attorneys with a high level of skill in the areas for which they have been employed. Such experience and expertise have enabled Bayard to represent the Debtors as their co-counsel in an efficient manner.

### Certification and Notice

28. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies that this Application and the Exhibits attached hereto comply therewith. A copy of this Application has been sent to the notice parties set forth in the Interim Compensation Order.

29. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amounts requested for compensation and expense reimbursement are fair and reasonable given: (a) the size and nature of these cases; (b) the time expended; (c) the nature and extent of the services rendered; (d) the value of such services; and (e) the cost of comparable services other than in a case under the Bankruptcy Code.

*Remainder of page intentionally left blank.*

WHEREFORE, Bayard requests approval of $37,377.00 as the total compensation for professional services rendered during the Compensation Period, 80% of which is to be paid upon the filing of a certificate of no objection, and the sum of $200.35 for reimbursement of actual and necessary costs and expenses incurred by Bayard during the Compensation Period in these cases from April 1, 2020 through April 30, 2020.

Dated:  July 22, 2020
      Wilmington, Delaware

**BAYARD, P.A.**

*/s/ Erin R. Fay*
Erin R. Fay (No. 5268)
Daniel N. Brogan (No. 5723)
600 N. King Street, Suite 400
Wilmington, Delaware 19801
Telephone: (302) 655-5000
Facsimile: (302) 658-6395
E-mail:     efay@bayardlaw.com
            dbrogan@bayardlaw.com

- and -

James H.M. Sprayregen, P.C.
Ryan Blaine Bennett, P.C. (admitted *pro hac vice*)
Gregory F. Pesce (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200

- and -

Christopher Marcus, P.C. (admitted *pro hac vice*)
**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900

*Co-Counsel to the Debtors and Debtors in Possession*