IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>DURA AUTOMOTIVE SYSTEMS, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 19-12378-KBO<br><br>Jointly Administered<br><br>**Hearing Date:** TBD<br>**Objection Deadline:** TBD<br><br>Re: Docket Nos. 340, 503, 651, 733, 897, 1008, and 1147 |

### ZOHAR LENDERS' MOTION FOR ENTRY OF AN ORDER FURTHER EXTENDING THE CHALLENGE PERIOD AND GRANTING RELATED RELIEF

Zohar II 2005-1, Limited and Zohar III, Limited (together, the "Zohar Lenders") hereby submit this motion (this "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") and paragraph 20(a)(iv) of the Final DIP Order,[2] further extending the Challenge Period solely for the Zohar Lenders. In support of this Motion, the Zohar Lenders respectfully submit as follows:

---

[1] The debtor entities in these chapter 11 cases, along with the last four digits of each Debtor entity's federal tax identification number, are: Dura Automotive Systems Cable Operations, LLC (7052); Dura Automotive Systems, LLC (8111); Dura Fremont L.L.C. (1252); Dura G.P. (8092); Dura Mexico Holdings, LLC (4188); Dura Operating, LLC (2304); and NAMP, LLC (3693).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection to the Prepetition Lenders, and (V) Modifying the Automatic Stay* [Docket No. 340] (the "Final DIP Order").

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and pursuant to Local Rule 9013-1(f), the Zohar Lenders consent to entry of a final order by the Court in connection with this Motion to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief requested herein are sections 105(a) and 1109 of the Bankruptcy Code, Bankruptcy Rule 9006, and Local Rule 9006-2.

**BACKGROUND**

4. On October 17, 2019 (the "Petition Date"), the Dura Automotive Systems, LLC and its above-captioned affiliated debtors and debtors in possession (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Middle District of Tennessee (the "Tennessee Bankruptcy Court"). The Debtors continue to operate their business and manage their property as debtors in possession under section 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases.

5. Previously, on March 11, 2018, the Zohar Lenders and certain of their affiliates filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court"), commencing the bankruptcy cases

captioned *In re Zohar III, Corp., et al.*, Case No. 18-10512 (KBO) (Bankr. D. Del.) (the "Zohar Chapter 11 Cases").

6. On November 1, 2019, the Court entered an agreed order in the Zohar Chapter 11 Cases, transferring the Debtors' chapter 11 cases from the Tennessee Bankruptcy Court to this Court, effective as of November 8, 2019, at 12:01 a.m. (ET) [Zohar Chapter 11 Cases Docket No. 1060]. These chapter 11 cases are being administered separately from the Zohar Chapter 11 Cases.

7. Also on November 1, 2019, the Office of the United States Trustee appointed an official committee of unsecured creditors in these chapter 11 cases (the "Committee").

8. By the Final DIP Order, the Court established December 31, 2019, as the initial end of the Challenge Period applicable to non-Committee parties in interest. Final DIP Order ¶ 20(a). Pursuant to paragraph 20(a)(iv) however, the Challenge Period can be extended by the Court for any party "for cause upon a motion filed and served within [the Challenge Period]. . . ." *Id.*

9. On May 13, 2020, the Court entered an order [Docket No. 1008] (the "Deadline Extension Order") further extending the Challenge Period for the Zohar Lenders through and including June 30, 2020. On June 29, 2020, the Zohar Lenders filed the *Zohar Lenders' Motion for Entry of an Order Further Extending the Challenge Period and Granting Related Relief* [Docket No. 1147], seeking a further extension of the Challenge Period until August 31, 2020.[3] Pursuant to paragraph 3 of the Deadline Extension Order, the Zohar Lenders are entitled to seek further extensions of the Challenge Period.

---

[3] Since the Zohar Lenders filed their motion on June 29, 2020, the Debtors have not scheduled an omnibus hearing in these chapter 11 cases. The Zohar Lenders intend that this Motion serve to amend and supplement the extension motion dated June 29, 2020, as no hearing has been set with respect thereto.

**RELIEF REQUESTED**

10. By this Motion, the Zohar Lenders request a further extension of the Challenge Period through and until the conversion of these chapter 11 cases to proceedings under chapter 7 of the Bankruptcy Code.[4]

**BASIS FOR RELIEF**

11. Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code.]" *In re Owens Corning*, 419 F.3d 195, 208 n.14 (3d Cir. 2005). In addition, the Court retains jurisdiction to modify its own orders. *See In re Marcus Hook Dev. Park, Inc.*, 943 F.2d 261, 265 n.5 (3d Cir. 1991).

12. Bankruptcy Rule 9006(b) permits the Court to extend a deadline established by court order, such as the Final Cash Collateral Order. Bankruptcy Rule 9006(b) provides in relevant part:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Bankr. P. 9006(b). *See In re Golden Brooks Family Ent., Inc.*, 269 B.R. 300, 307 (Bankr. D. Del. 2001) (noting that the court "may for cause enlarge the time within which an act is required to be done, before or after the expiration of the time. . . .") (citing Fed. R. Bankr. P. 9006(b)(1)).

---

[4] Pursuant to Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, the filing of this Motion prior to the expiration of the current Challenge Period shall automatically extend the Challenge Period until the Court acts on this Motion without the necessity for entry of a bridge order.

4

Finally, as noted above, paragraph 20(a)(iv) expressly contemplates the extension of the Challenge Period "for cause."

13. Cause exists to continue maintaining the status quo and further extend the Challenge Period for several reasons. Since the Deadline Extension Order was entered, this Court entered two sale orders which combined to approve sales of substantially all of the Debtors' assets [Docket Nos. 1028 and 1029] (the "European Sale Order, and the "North American Sale Order," respectively, and together, the "Sale Orders"), and the Debtors announced that these chapter 11 cases would be converted to cases under chapter 7 of the Bankruptcy Code following the closing of each of the respective sales contemplated under the Sale Orders. *See* European Sale Order at 41; North American Sale Order at 45.

14. As described on the record at the May 12, 2020 hearing, the Sale Orders incorporated certain agreements between the Purchasers, the Zohar Lenders, and the Committee, including, among other things, that (i) "claims and causes of action will not be sold and will instead remain with the debtors in the estates. Those include . . . claims and causes of action [against] Ms. Tilton, Patriarch and their affiliates," and (ii) "the debtor[s] have agreed that a Chapter 7 Trustee will succeed to all the rights of theirs and the estates to prosecute the claims and causes of action left behind without a challenge deadline which include those left behind by the purchase as well as those in the committee's proposed complaint that was filed with [the Committee's] standing motion, with one exception." *See* May 12, 2020 Hr'g Tr. at 25-26 (Committee counsel describing the resolution reached between the parties). Additionally, the Zohar Lenders reserved their rights with respect to certain valuable Estate Actions (as defined in the Sale Orders).

15. While the sales that were approved by this Court have since closed, there remain multiple Conversion Conditions that must be accomplished before the Debtors may convert these

chapter 11 cases to chapter 7 proceedings under the agreement reached by the parties. Specifically: (i) professionals' final fee applications must be approved or have otherwise reached a resolution on a final basis; (ii) an order must be entered approving the rejection of all executory contracts or unexpired leases that were not designated as a Transferred Contract by the North American Purchaser or European Purchaser within 60 days following the applicable closing date; and (iii) all monthly operating reports then due must have been filed and all fees arising under 28 U.S.C. § 1930(a)(6) must have been paid to the Office of the United States Trustee. *See Order Approving Procedures for the Conversion of the Debtors' Chapter 11 Cases to Cases Under Chapter 7 of the Bankruptcy Code* [Docket No. 1144] (the "Conversion Procedures Order") at ¶ 3.

16. The Zohar Lenders submit that the Challenge Period should be further extended until the Conversion Conditions are completed and these chapter 11 cases are converted to chapter 7 proceedings. Extending the Challenge Period will preserve the status quo and ensure that it does not expire prior to the conversion of these cases and the transfer of valuable Estate Actions to a chapter 7 trustee. Preserving the status quo will best maintain and support the agreement reached in these chapter 11 cases between the Zohar Lenders, the Committee, the Debtors, and the Purchasers, and will ensure the clearest avenue for these chapter 11 cases to progress in accordance with the Sale Orders and the procedures for conversion approved in the Conversion Procedures Order.

17. The Zohar Lenders reserve their rights to seek further extensions of the Challenge Period, if warranted.

## NOTICE

18. The Zohar Lenders have served notice of this Motion on: (a) counsel to the Debtors; (b) the Office of the United States Trustee for the District of Delaware; (c) counsel to the DIP

Lender; (d) counsel to the Committee; (e) counsel to the Prepetition ABL Parties; (f) counsel to the Initial DIP Lender; and (g) all parties that have filed a notice of appearance and request for service of papers pursuant to Bankruptcy Rule 2002.  The Zohar Lenders submit that, in light of the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

WHEREFORE, the Zohar Lenders respectfully request that the Court enter the Proposed Order, extending the Challenge Period through and including August 31, 2020.

| | |
|---|---|
| Dated: August 31, 2020<br>Wilmington, Delaware | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ Joseph M. Barry*<br>James L. Patton, Jr. (No. 2202)<br>Robert S. Brady (No. 2847)<br>Michael R. Nestor (No. 3526)<br>Joseph M. Barry (No. 4221)<br>Ryan M. Bartley (No. 4985)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>Telephone: (302) 571-6600<br>Facsimile: (302) 571-1253<br><br>*Counsel to the Zohar Lenders* |