**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DURA AUTOMOTIVE SYSTEMS, LLC, *et al.*,[1] | ) | Case No. 19-12378 (KBO) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**ORDER CONVERTING THE DEBTORS' CHAPTER 11 CASES TO
CASES UNDER CHAPTER 7 AND APPROVING CERTAIN MATTERS
RELATED THERETO, INCLUDING ESTABLISHING PROCEDURES
RELATED TO FINAL FEE APPLICATIONS FOR THESE CHAPTER 11 CASES**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (this "Conversion Order"), (a) converting each of the Debtors' chapter 11 cases to cases under chapter 7 pursuant to section 1112(a) of the Bankruptcy Code, effective as of 12:00 a.m. (prevailing Eastern time) on the first business day after this Conversion Order is entered (the "Conversion Date") and (b) approving certain matters related to the conversion, including procedures related to the filing of final fee applications by Professionals, all as more fully set forth in the Motion; and upon the First Day Declaration; and upon the Certification of Counsel that the Conversion Conditions set forth in the Initial Order have each been satisfied; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated

---

[1] The debtor entities in these chapter 11 cases, along with the last four digits of each Debtor entity's federal tax identification number, are: Dura Automotive Systems Cable Operations, LLC (7052); Dura Automotive Systems, LLC (8111); Dura Fremont L.L.C. (1252); Dura G.P. (8092); Dura Mexico Holdings, LLC (4188); Dura Operating, LLC (2304); and NAMP, LLC (3693). Dura Automotive Systems, LLC's service address is: 1780 Pond Run, Auburn Hills, Michigan 48326.

[2] Capitalized terms used but not otherwise defined in this Conversion Order have the meanings ascribed to such terms in the Motion.

February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided, except as set forth herein; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted, to the extent set forth herein.

2. Effective as of 12:00 a.m. on the Conversion Date, which is the first business day after this Conversion Order is entered, each of the Debtors' chapter 11 cases shall be converted to cases under chapter 7 of the Bankruptcy Code.

3. The following Conversion Procedures are hereby approved:

    a. **The Committee.** On the Conversion Date, the Committee shall be immediately dissolved and the Professionals retained by the Committee shall be immediately discharged, with no further action required by the Committee; *provided* that notwithstanding the dissolution of the Committee or the discharge of Committee Professionals, the Committee Professionals may continue to pursue payments from the Carve Out Account to the extent such matters are not resolved prior to the Conversion Date.

    b. **Books, Records, and Property.** As soon as reasonably practicable, but in no event more than fourteen (14) days (or, solely as to the Purchaser, such additional period as may be needed) after the assumption of duties by the chapter 7 trustee, the Debtors, the Professionals, and the Purchasers shall turn over or provide access to the chapter 7 trustee, the books and records of the Debtors, and all property of the Debtors' estates, in the possession, custody, or control of the Debtors and/or the Purchasers, as applicable, as

        required by Bankruptcy Rule 1019(4). For the purposes hereof, the Debtors, the Professionals, and the Purchasers may provide copies (including electronic copies) of such books and records to the chapter 7 trustee, with instructions for locating and accessing such books and records, and may retain copies of such books and records to the extent necessary to complete the reports required herein. The Purchasers reserve the right to seek reimbursement from the chapter 7 trustee for any reasonable, out of pocket expenses related to the collection, copying and delivery of books and records or other property transferred to the Purchasers under the North American Sale Order or the European Sale Order, and further reserves the right to oppose the turn over, or provision of access to, the chapter 7 trustee of any records or property that was transferred to any of the Purchasers under the North American Sale Order or the European Sale Order.

    c.    **Schedule of Unpaid Debts.** Within fourteen (14) days of the Conversion Date, the Debtors shall file a schedule of unpaid debts incurred after commencement of the Debtors' chapter 11 cases, including the name and address of each creditor, as required by Bankruptcy Rule 1019(5).

    d.    **Final Report**. Within thirty (30) days after the Conversion Date, the Debtors shall file and transmit to the U.S. Trustee a final report and account in accordance with Bankruptcy Rule 1019(5)(A).

    e.    **Claims**. Within fourteen (14) days of the Conversion Date, Prime Clerk shall (i) forward to the Clerk of this Court an electronic version of all imaged claims; (ii) upload the creditor mailing list into CM/ECF; (iii) docket a final claims register in the Debtors' chapter 11 cases; and (iv) box and transport all original claims to the Philadelphia Federal Records Center, 14470 Townsend Road, Philadelphia, PA 19154 and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims. Subject to its compliance with Del. Bankr. L.R. 2002-1(f)(x)-(xi), on the Conversion Date, Prime Clerk shall be relieved of its responsibilities as the Debtors' claims and noticing agent in the Debtors' Chapter 11 Cases and will have no further obligations to the Court, the Debtors, the chapter 7 trustee (once appointed), or any party in interest with respect to the Debtors' chapter 11 cases or the chapter 7 cases.

    f.    **341 Meeting**. A representative of the Debtors, accompanied by counsel to the Debtors in these cases, shall appear at the meeting of creditors pursuant to sections 341 and 343 of the Bankruptcy Code for purposes of providing testimony at such meeting.

4.    The Estate Actions are the property of the estates, any chapter 7 trustee appointed shall have standing and the right to prosecute all Estate Actions, and the chapter 7 trustee shall succeed to all privileges (including rights concerning confidentiality) of the Debtors, their estates,

and the Committee.  Any chapter 7 trustee shall have standing and the right to file any claims objections regardless of whether a claim or cause of action against a creditor of the estates constitutes a Transferred Asset (as defined in the Sale Orders), or any language to the contrary in Paragraph 34(e) of the North American Sale Order [Docket No. 1029] or Paragraph 32(e) of the European Sale Order [Docket No. 1028].

5. Any executory contracts or unexpired leases of the Debtors, excluding the contract(s) underlying the Hain Capital Dispute (as defined below) and any agreement between the Debtors and QAD Inc., that have not been rejected are hereby rejected effective as of the earlier of the date of the (i) service of a notice of rejection pursuant to the Conversion Procedures, or (ii) entry of this Conversion Order; *provided*, *however*, that this Conversion Order shall not affect the rights of the Debtors, DUS Operating Inc., as designated assignee of Dura Buyer DNA, LLC, or Hain Capital Investors Master Fund, Ltd. with respect to the dispute set forth in the *Motion of Hain Capital Investors Master Fund, Ltd. for Payment of Cure Amount* [Docket No. 1226], the *Objection of DUS Operating, Inc., Designated Assignee of Dura Buyer DNA, LLC, to Motion of Hain Capital Investors Master Fund, Ltd. for Payment of Cure Amount* [Docket No. 1239], the *Reply in Support of Motion of Hain Capital Investors Master Fund, Ltd. for Payment of Cure Amount* [Docket No. 1248], and the record of the hearing before this Court on November 30, 2020 (collectively, the "Hain Capital Dispute"), and all such rights and claims shall be expressly preserved and shall be resolved by the Court subsequent to entry of this Conversion Order; *provided*, *further*, that, prior to the entry of this Conversion Order, the Debtors sought to assume and assign a certain Multinational Software Product License Agreement dated February 28, 1997, as amended on December 4, 2003 (as amended, the "License Agreement") and QAD Inc. timely objected to such assumption and assignment in its *Objection and Reservation of Rights of QAD*

*Inc. to the Debtors' Final Notice of Assumed and Assigned Executory Contracts and Unexpired Leases Pursuant to the North American Sale Order and European Sale Order* [Docket No. 1247] (the "QAD Dispute"); *provided*, *further*, that, notwithstanding the conversion of these chapter 11 cases pursuant to this Conversion Order, the QAD Dispute shall be resolved by the Court or as agreed by QAD Inc. and DUS Operating Inc., and all parties' rights are reserved with respect to the QAD Dispute (for the avoidance of doubt, the QAD Dispute shall be resolved as if the conversion of the Debtors' chapter 11 cases pursuant to this Conversion Order had not occurred). The Debtors shall promptly serve a notice to the affected counterparties, and include a statement that such counterparties have the later of (a) thirty days following the date such notice is served or (b) any bar date set in the converted chapter 7 cases of the Debtors to file a proof of claim relating to such rejection.

6.     Notwithstanding anything in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules to the contrary, but subject in all respects to this Conversion Order, all prior orders, rulings and judgments of this Court made during the course of the Debtors' chapter 11 cases and any related adversary proceedings, including, without limitation, the Final DIP Order, the Sale Orders, and the Committee's Standing Motion having been denied at a hearing held before the Court on June 9, 2020 for the reasons set forth on the record of such hearing, shall remain in full force and effect, shall be unaffected by the conversion of these chapter 11 cases, and are specifically preserved for purposes of finality of judgment and *res judicata*, as applicable. For the avoidance of doubt, all assets acquired by the European Purchaser and the North American Purchaser pursuant to the Sale Orders, including but not limited to the claims and causes of action held by the Debtors against third parties that were included in the assets sold under the applicable purchase agreement (which, for the avoidance of doubt, exclude the Estate Actions), shall be

transferred to or remain assets of the European Purchaser or North American Purchaser, as applicable (or a subsequent transferee), following entry of this Conversion Order.

7. With respect to cash and cash equivalents in the possession, custody or control of any Debtor as of the date of entry of this Conversion Order, neither the entry of this Conversion Order, nor any relief granted hereunder, nor the occurrence of the Conversion Date for any Debtor's chapter 11 cases shall have any effect on whether such cash or cash equivalents (i) are or are not funds collected on account of "trust fund taxes" and held in trust for the benefit taxing authorities or other governmental units (as defined in section 101(27) of the Bankruptcy Code) or (ii) are or are not property of any of the Debtors' bankruptcy estates pursuant to section 541 of the Bankruptcy Code. For the avoidance of doubt, (a) all cash and cash equivalents in possession of the Debtors on the Conversion Date (other than the Carve-Out Account) or any cash and cash equivalents collected by any chapter 7 trustee appointed shall be immediately remitted to the European Purchaser to the extent that such cash and cash equivalents are assets that were sold to the European Purchaser pursuant to the European Sale Order, or to the North American Purchaser, to the extent that such cash and cash equivalents are assets that were sold to the North American Purchaser pursuant to the North American Sale Order, and (b) the Carve-Out Account (as defined in the Sale Orders) is held in trust for the Professionals retained by the Debtors and the Committee, as applicable, and no chapter 7 trustee or any party in interest (other than the applicable Professionals) shall have any rights or claims thereto; *provided* that if there are any funds left in the Carve-Out Account following the payment in full of all allowed fees and expenses of all Professionals in accordance with orders of the Court approving final fee applications or other orders of the Court, such residual funds shall be treated as set forth in the Sale Orders.

8. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this

Conversion Order are immediately effective and enforceable upon its entry.

9. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Conversion Order without further notice or order of the Court.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Conversion Order, the Final DIP Order, the Sale Orders, the ruling on the record denying the Committee's Standing Motion, and any other order in the Debtors' chapter 11 cases.

**Dated: December 15th, 2020**  **KAREN B. OWENS**
**Wilmington, Delaware**  **UNITED STATES BANKRUPTCY JUDGE**