# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>DURA AUTOMOTIVE SYSTEMS, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case Nos. 19-12378 (KBO)<br><br>(Jointly Administered)<br><br>**Re: Docket Nos. 1226, 1239 & 1248** |

## NOTICE OF DEPOSITION
## OF HAIN CAPITAL INVESTORS MASTER FUND, LTD.

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, as made applicable to this matter by Rules 7030 and 9014 of the Federal Rules of Bankruptcy Procedure, DUS Operating, Inc., as the designated assignee of Dura Buyer DNA, LLC ("**DUS**"), by and through its undersigned counsel, will take the deposition upon oral examination of Hain Capital Investors Master Fund, Ltd. ("**Hain**") in connection with the following:

1. *Motion of Hain Capital Investors Master Fund, Ltd. for Payment of Cure Amount* [Docket No. 1226] ("**Hain Motion**");

2. *Objection of DUS Operating, Inc., Designated Assignee of Dura Buyer DNA, LLC, to Motion of Hain Capital Investors Master Fund, Ltd. for Payment of Cure Amount* [Docket No. 1239] ("**DUS Objection**");

3. *Reply in Support of Motion of Hain Capital Investors Master Fund, Ltd. for Payment of Cure Amount* [Docket No. 1248] ("**Hain Reply**");

The deposition will commence at 10:00 a.m. (prevailing Eastern Time) on January 25, 2021 and will be conducted remotely and telephonically by Zoom.

---

[1] The debtor entities in these chapter 11 cases, along with the last four digits of each Debtor entity's federal tax identification number, are: Dura Automotive Systems Cable Operations, LLC (7052); Dura Automotive Systems, LLC (8111); Dura Fremont L.L.C. (1252); Dura G.P. (8092); Dura Mexico Holdings, LLC (4188); Dura Operating, LLC (2304); and NAMP, LLC (3693). Dura Automotive Systems, LLC's service address is: 1780 Pond Run, Auburn Hills, Michigan 48326.

{9349592:2 }
76225157.3

PLEASE TAKE FURTHER NOTICE that the oral examination will be conducted via Zoom before a person authorized to administer oaths. The deposition will be recorded by stenographic means and/or audiovisual means.

PLEASE TAKE FURTHER NOTICE THAT pursuant to Federal Rule 30(b)(6), Hain is required to designate one or more officers, directors, managing agents, or other persons who consent to testify on behalf of Hain with regard to the subject matters described in Exhibit A attached hereto. DUS respectfully requests that by 4:00 p.m. (prevailing Eastern Time) on Friday, January 22, 2021, Hain provides the following information to the undersigned counsel via electronic mail to John E. Benko, jbenko@mcdonaldhopkins.com:

- the name and title/position of each designated witness, and
- the specific subject matter(s) upon which each designated witness will testify.

| | |
|---|---|
| Dated: January 21, 2021<br>Wilmington, Delaware | **POLSINELLI PC**<br><br>*/s/ Shanti M. Katona*<br>Christopher A. Ward (Del. Bar No. 3877)<br>Shanti M. Katona (Del. Bar No. 5352)<br>222 Delaware Avenue, Suite 1191<br>Wilmington, Delaware 19801<br>Telephone: (302) 252-0920<br>Facsimile: (302) 252-0921<br>cward@polsinelli.com<br>skatona@polsinelli.com<br><br>– and –<br><br>**MCDONALD HOPKINS PLC**<br>Stephen M. Gross (admitted *pro hac vice*)<br>John E. Benko (*pro hac vice* pending)<br>Ashley J. Jericho (admitted *pro hac vice*)<br>39533 Woodward Avenue, Suite 318<br>West Bloomfield, Michigan 48304<br>Telephone: (248) 646-5070<br>Facsimile: (248) 646-5075<br>sgross@mcdonaldhopkins.com<br>jbenko@mcdonaldhopkins.com<br>ajericho@mcdonaldhopkins.com |

## **EXHIBIT A**

For the purposes of this deposition notice, capitalized and undefined terms or phrases used herein shall have the meanings ascribed to them in the Hain Motion or the DUS Objection.

Topics for Federal Rule 30(b)(6) Deposition

1. The facts and circumstances surrounding the relationship of Hain and Plasti-Paint, Inc. ("**Plasti-Paint**");

2. The facts and circumstances surrounding the assignment of Plasti-Paint's claims to Hain;

3. Hain's investigation, review, and "vetting" of the Plasti-Paint claims;

4. Hain's communications with Plasti-Paint relating to the Plasti-Paint claims and the Plasti-Paint contracts with the above-captioned debtors ("**Debtors**");

5. Hain's communications with the Debtors relating to the Plasti-Paint claims, the Plasti-Paint contracts with the Debtors, and the decision whether or not to assume and assign the Plasti-Paint contracts; and

6. Hain's communications with Dura Buyer DNA, LLC and/or DUS relating to the Plasti-Paint claims, the Plasti-Paint contracts with the Debtors, and the decision whether or not to assume and assign the Plasti-Paint contracts.

7. All claims made or threatened to be made against Plasti-Paint.

8. All facts that Hain believes supports or that refutes the Hain Motion.

9. All internal and external communications of Hain regarding Plasti-Paint's claims, Hain's considerations of purchasing those claims and Hain's decision to purchase of those claims (communications includes written, communications, verbal communications and all other communications of any kind).

10. The documents produced by Hain pursuant to the request of counsel to DUS Operating, Inc.