Exhibit G
Assignment Agreement

# ASSIGNMENT OF CLAIM

Plasti-Paint, Inc., a corporation existing under the laws of Michigan with offices at 801 Woodside Drive, St. Louis, MI 48880 USA, and its successors and assigns ("**Assignor**"), for receipt of good and valuable consideration in the amount of $1,572,497.39 (the "**Purchase Price**") hereby absolutely and unconditionally transfers and grants unto Hain Capital Investors Master Fund, Ltd, with offices at 301 Route 17, Seventh Floor, Rutherford, NJ 07070, and its successors and assigns, ("**Assignee**"), all right, title and interest in and to the claim of Assignor (the "**Claim**") in the aggregate outstanding principal amount of not less than $1,849,996.93 (the "**Claim Amount**") against Dura Automotive Systems, LLC et al (the "**Debtor**") the debtor-in-possession in the chapter 11 reorganization case, case no.: 19-12378 (the "**Case**"), in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), including, without limitation, (a) all of Assignor's right, title and interest in and to Assignor's Claim against Debtor; (b) all other claims (including "claims" as defined in Bankruptcy Code §101(5)), suits, causes of action against the Debtor, its affiliates, any guarantor or other third party relating to or arising from the Assignor's Claim against Debtor; (c) the Proof of Claim (as defined below), if any; (d) to the extent evidencing, giving rise to, or relating to any of the foregoing, all contracts, agreements, instruments, invoices, purchase orders, proofs of delivery and other documents; (e) all cure amounts payable to Assignor pursuant to Section 365 of the US Bankruptcy Code to the extent any underlying contract is assumed by the Debtor; (f) all guarantees, collateral or security of any kind for or in respect of the foregoing; (g) all of Assignor's right to receive principal, interest, fees, expenses, damages, penalties and other amounts in respect of, or in connection with, any of the foregoing; (h) all voting and other rights and benefits in respect of any of the foregoing; and (i) all cash, securities, instruments and/or other proceeds, property, or distributions issued in satisfaction of any of the foregoing. The Claim is based on accounts owed to Assignor by Debtor for the provision of goods and/or services by Assignor. This Assignment of Claim (this "**Assignment**") shall be for the purpose of collection and shall not be deemed to create any security interest.

1.  **Assignment**. In consideration of the mutual covenants and agreements in, and subject to the terms and conditions of, this Assignment:

(a)     subject to the satisfaction or waiver of the conditions in Section 2(a), Assignor irrevocably sells, transfers, assigns, grants, and conveys the Claim to Assignee with effect on and after the date on which the Assignor receives the Purchase Price from Assignee (the "**Effective Date**"); and

(b)     subject to the satisfaction or waiver of the conditions in Section 2(b), Assignee irrevocably acquires the Claim, with effect on and after the Effective Date.

2. **Conditions Precedent**.

(a) Assignor's obligation hereunder to sell, transfer, assign, grant, and convey the Claim to Assignee shall be subject to each of the following conditions: (a) Assignor shall have received this Assignment duly executed by Assignee; and (b) Assignor shall have received the Purchase Price from Assignee within three (3) business days following the satisfaction or waiver of the conditions set forth in Section 2(b).

(b) Assignee's obligation hereunder to pay the Purchase Price to Assignor and to acquire the Claim shall be subject to each of the following conditions: (a) Assignor's representations and warranties in this Assignment shall have been true and correct on the Effective Date; (b) Assignor shall have complied in all material respects with all covenants required by this Assignment to be complied with by it on or before the Effective Date; and (c) Assignee shall have received this Assignment and the Evidence of Transfer attached hereto duly executed by Assignor, and any consent, release or other document necessary or appropriate, in the reasonable judgment of Assignee, executed by the appropriate party.

3. **Proof of Claim**.     Assignor represents, warrants and covenants that:

| ☐ | a proof of claim in respect of the Claim HAS NOT BEEN filed in the Case |
|---|---|

| X | Proofs of claims (the "**Proof of Claim**") in the total amount of $3,062,712.40 as associated with proofs of claims #s 533, 534 and 535 (the "**Proof of Claim Amount**") HAVE BEEN DULY AND TIMELY FILED in the Case (and a true copy of such Proof of Claim with supporting documentation is attached to this Assignment). The Proof of Claim has not been, and will not be, without the written consent of Assignee, revoked, withdrawn, or amended. If the Proof of Claim Amount differs from the Claim Amount set forth above, Assignee shall nevertheless be deemed the owner of that Proof of Claim subject to the terms of this Assignment and shall be entitled to identify itself as owner of such Proof of Claim on the records of the Bankruptcy Court. |
|---|---|

4. <u>Representations and Warranties</u>. Assignor represents, warrants and covenants to Assignee (as of the Effective Date) that: (a) no consent, approval, filing or corporate, partnership or other action is required as a condition to, or otherwise in connection with, the execution, delivery and performance of this Assignment; (b) this Assignment has been duly authorized, executed and delivered by Assignor and Assignor has the requisite power and authority to execute, deliver and perform this Assignment and the transactions contemplated by this Assignment are not in contravention of any law, order, regulation or agreement by which Assignor is bound; (c) this Assignment constitutes the valid, legal and binding agreement of Assignor, enforceable against Assignor in accordance with its terms; (d) no payment or other distribution has been received (including, without limitation, by benefit of setoff) by Assignor, or by any third party on behalf of Assignor, in full or partial satisfaction of, or in connection with the Claim; (e) Assignor owns, has, and is hereby selling to Assignee good and sole legal and beneficial title to the Claim free and clear of any and all liens, security interests, encumbrances or claims of any kind or nature whatsoever and no portion of the Claim has been sold, assigned or pledged to in whole or in part; (f) the Claim is a valid, liquidated, non-contingent, undisputed claim against the Debtor in the amount of not less than the Claim Amount; (g) no objection to the Claim has been filed or threatened; (h) the Claim is not subject to any defense, claim or right of setoff, reduction, impairment, avoidance, disallowance, subordination or preference action (whether or not under Section 547 of the Bankruptcy Code), in whole or in part; (i) no offer to sell or solicitation of any offer to buy the Claim has been made, or will be made, by or at the direction of the Assignor in a manner that would violate or require registration under the Securities Act of 1933, as amended, or the Bankruptcy Code; (j) no creditors or insurers of Assignor may assert an interest of any kind to the Claim nor may any such creditors or insurers file proofs of claim asserting such interest; (k) Assignor is not and has never been an "insider" of the Debtor within the meaning of Section 101(31) of the Bankruptcy Code, and is not a member of any official or unofficial committee in the Case; (l) Assignor is not "insolvent" within the meaning of Section 1-201 (23) of the Uniform Commercial Code or within the meaning of Section 101 (32) of the Bankruptcy Code; (m) Assignor does not hold any property of or owe any funds or property to the Debtor; (n) Assignor has not engaged, and will not engage, in any acts, conduct or omissions that might result in Assignee receiving proportionately less payments or distributions in respect of the Claim or less favorable treatment than any other creditors holding claims of the same class as the Claim; (o) Assignor has no liability or obligation related to or in connection with the Claim or the Case; (p) other than the Case and the proceedings thereunder, no proceedings are pending against Assignor or to the best of Assignor's knowledge, threatened against Assignor before any relevant governmental authority that, in the aggregate, will materially and adversely affect (i) the Claim or (ii) any action taken or to be taken by Assignor under this Assignment; (q) Assignor is not a party to, or bound by, and will not become a party to or become bound by, any document or agreement (other than orders entered in the Case by which all general unsecured creditors are bound) that could materially and adversely affect the Claim or Assignee's rights and remedies under this Assignment; (r) Assignor (i) is a sophisticated seller with respect to the sale of the Claim, (ii) has adequate information concerning the business and financial condition of Debtor and the status of the Case to make an informed decision regarding the sale of the Claim, (iii) has independently and without reliance upon Assignee, and based on such information as Assignor has deemed appropriate, made its own analysis and decision to enter into this Assignment, and (iv) is aware that the consideration being paid by Assignee hereunder may differ both in kind and amount from the amount ultimately distributed with respect to the Claim pursuant to any plan of reorganization which is confirmed for the Debtor, any liquidation or any other distribution in the Case; (s) Assignor acknowledges that Assignee has not given Assignor any investment advice, credit information, or opinion on whether the sale of the Claim is prudent; (t) Assignor acknowledges that (i) Assignee currently may have, and later

may come into possession of, information with respect to the Claim, Debtor, or any of its affiliates that is not known to Assignor and that may be material to a decision to sell the Claim ("**Assignor Excluded Information**"), (ii) Assignor has not requested to receive the Assignor Excluded Information and Assignor has determined to sell the Claim notwithstanding its lack of knowledge of the Assignor Excluded Information, (iii) information which may be pertinent to Assignor's decision to transfer the Claim is available to Assignor and may be obtained from the Bankruptcy Court's files, the Debtor, and other public sources, and (iv) Assignee shall have no liability to Assignor, and Assignor waives and releases any claims that it might have against Assignee or any Assignee Indemnitee (as defined in Section 6) whether under applicable securities laws or otherwise, with respect to the nondisclosure of the Assignor Excluded Information.

5. Disallowances.   If (a) all or any part of the Claim fails to be listed on the Debtor's Schedules of Assets and Liabilities (the "**Schedules**"), or is listed as "contingent, unliquidated, or disputed", or is listed on the Schedules in an amount less than the Claim Amount; or (b) all or any part of the Claim is, or is threatened to be, avoided, disallowed, subordinated, reduced, objected to or otherwise impaired, in whole or in part in the Case for any reason whatsoever, or (c) the Assignee or its assignee(s) receives distributions on the Claim which are, per dollar of claim, less in amount or different in nature or timing than distributions payable to general unsecured creditors of the Debtor generally, or (d) Assignee fails to be substituted for the Assignor in respect of the Claim (each, a "**Disallowance**"), on demand of Assignee (the "**Demand**"), Assignor agrees to, at Assignee's option, either (a) immediately repay such portion of the consideration paid by Assignee hereunder as shall be calculated by multiplying the amount of the Claim which was so effected by such Disallowance, by the repurchase rate set forth on Schedule 2 (the "**Claim Repurchase Rate**"), together with interest at the rate equal to 8% from the date of this Assignment to the date of such repayment by Assignor to Assignee (collectively, the "**Claim Repurchase Price**"), or (b) at Assignor's own expense, conduct a diligent, good faith investigation and defense of any such Disallowance, including, but not limited to, communicating with opposing counsel and preparing, filing and arguing an appropriate response to any objection raised.  Notwithstanding the foregoing, Assignor shall, at the option of Assignee, on the earlier of (x) the date on which Assignor completes (whether by judgment, settlement or otherwise) or abandons the defense of such Disallowance and (y) the date which is one hundred and twenty (120) days after the date of the earlier of the Demand from Assignee (or such later date as shall be agreed to in writing by Assignor and Assignee), promptly repurchase at the Claim Repurchase Price any portion of the Claim which remains subject to such objection(s) or otherwise has become subject to a Disallowance.

6. Indemnity.   Assignor hereby agrees to indemnify and hold Assignee and its agents, controlling persons, officers, members, managers, directors, and employees (collectively, the "**Assignee Indemnities**") harmless from and against any and all expenses, losses, claims, damages or liabilities which are incurred by Assignee Indemnities or any of them, including but not limited to reasonable attorneys' fees and expenses, caused by or in any way resulting from (i) Assignor's breach of any of the representations, warranties, covenants or agreements of Assignor set forth in this Assignment, (ii) any obligation of Assignor (or any assignee or successor to Assignor) to, in whole or in part, disgorge, or reimburse any party or entity for payments received by Assignor from or on account of Debtor on or prior to the Effective Date in respect of the Claim, or (iii) any action taken by Assignor with respect to the Claim after the date hereof resulting in liability to Assignee.  IN THE EVENT ASSIGNOR HAS PREVIOUSLY ASSIGNED OR PLEDGED, OR ASSIGNS OR PLEDGES, ANY PORTION OF THIS CLAIM TO ANY PARTY OTHER THAN ASSIGNEE, ASSIGNOR AGREES TO IMMEDIATELY PAY ASSIGNEE UPON DEMAND OF ASSIGNEE, LIQUIDATED DAMAGES IN AN AMOUNT EQUAL TO DOUBLE THE AMOUNT PAID TO ASSIGNOR HEREIN WITH RESPECT TO SUCH PORTION OF THE CLAIM.

7. Distributions.   Assignor agrees that if Assignor receives any distributions or notices with respect to or relating to the Claim after the date hereof, Assignor shall accept the same as Assignee's agent and shall hold the same in trust on behalf of and for the sole benefit of Assignee, and shall promptly deliver the same to Assignee in the same form received (free of any withholding, set-off, claim or deduction of any kind), within two (2) business days in the case of cash and/or notices and within five (5) business days in the case of securities, which are in good deliverable form, with the endorsement of Assignor when

necessary or appropriate. If any cure amount is due and payable to Assignor, Assignor shall direct such cure amount to be paid to Assignee. If Assignor fails to remit such cash distributions or cure amount within two (2) business days of receipt, Assignor shall pay interest thereon at a rate of ten percent (10%) per annum until paid, plus all out-of-pocket costs incurred in collecting such distributions.

8. <u>Transferability</u>.  The terms of this Assignment shall be binding upon, and shall inure to the benefit of Assignor, Assignee and their respective successors and assigns.  Assignor hereby acknowledges that Assignee may at any time re-assign the Claim, together with all rights, title and interest of Assignee in and to this Assignment.  All representations and warranties made herein shall survive the execution and delivery of this Assignment and any such re-assignment.

9. <u>Power of Attorney; Acts</u>.   Assignor hereby irrevocably appoints Assignee as its true and lawful attorney and authorizes Assignee to act in Assignor's name, place and stead, to demand, sue for, compromise and recover all such consideration which is now, or may hereafter become due and payable for, or on account of the Claim herein assigned.  Assignor grants unto Assignee full authority to do all things necessary to enforce the Claim and Assignor's rights thereunder pursuant to this Assignment. Assignor further grants to Assignee the authority to make any corrections to Evidence of Transfer of Claim attached hereto Assignee deems necessary or appropriate to effect assignment of the Claim. Assignor agrees that the powers granted by this paragraph are discretionary in nature and that Assignee may exercise or decline to exercise such power at Assignee's sole option.  Assignee shall have no obligation to take any action to prove or defend the Claim's validity or amount in the Case.  Assignor agrees to take such further action as may be necessary to effect the assignment of the Claim and any payments or distributions on account of the Claim to Assignee, and to take such other actions as may be necessary or advisable to protect the validity of the Claim.  Assignor shall act or refrain from acting with respect to the Claim solely in accordance with the written direction of Assignee.  Without limiting the generality of the foregoing, upon receiving notice of any request, act, decision, or vote (collectively, an "**Act**") Assignor shall promptly notify Assignee thereof, and shall take such Act only in accordance with the written direction of Assignee, such written direction to be promptly provided by Assignee to Assignor upon receipt of such notice

10. <u>Governing Law; Counterparts</u>.   This Assignment shall be governed by and construed in accordance with the laws of the State of New York, without giving effect to any choice of law principles.  Any action arising under or relating to this Assignment may be brought in any State or Federal Court located in the State of New Jersey, and Assignor consents to and confers personal jurisdiction over Assignor at the address set forth in this Assignment, and in any action hereunder Assignor waives the right to demand trial by jury.  Each party hereto consents to service of process by certified mail at its address set forth in the lead-in paragraph hereto. This Assignment may be executed by any party hereto by facsimile or electronic transmission in any number of counterparts, each of which shall be deemed to be an original, but all such respective counterparts shall together constitute one and the same instrument. This Assignment constitutes the entire agreement of Assignor and Assignee with respect to the Claim and supersedes all previous and contemporaneous negotiations, promises, covenants, agreements, understandings, representations and warranties in respect thereof, all of which have become merged and finally integrated into this Assignment, and may be amended or modified only in writing signed by the parties hereto.

CONSENT AND WAIVER
Assignor hereby acknowledges and consents to all of the terms set forth in this Assignment and hereby waives its right to raise any objections thereto and its right to receive notice pursuant to Rule 3001 of the Rule of Bankruptcy Procedure.  Assignor consents to the substitution of Assignee for Assignor for all purposes in the Bankruptcy Case.  The Evidence of Transfer of Claim attached to this Assignment and incorporated herein by reference may be filed by Assignee with the Bankruptcy Court as evidence of the transfer.

*   *   *

IN WITNESS WHEREOF, the undersigned has duly executed this Assignment by its duly authorized representative dated as of the 9th day of January, 2020.

PLASTI-PAINT, INC.

By: *[signature]*
Name:
Title: DAVE BACON
PRESIDENT

HAIN CAPITAL INVESTORS MASTER FUND, LTD
By Koltai & Company Advisors, LLC

By: *[signature]*
Name: Robert J Koltai
Title: Managing Member

Confidential
HAINCAPITAL000069

## SCHEDULE 1

### Purchase Price

$1,572,497.39

## SCHEDULE 2

## Claim Purchase Rate

**85%**

Confidential

HAINCAPITAL000071

## EVIDENCE OF TRANSFER OF CLAIM

TO:   THE DEBTOR AND THE BANKRUPTCY COURT

For value received, the adequacy and sufficiency of which are hereby acknowledged, **Plasti-Paint, Inc.** ("Assignor") hereby unconditionally and irrevocably sells, transfers and assigns to Hain Capital Investors Master Fund, Ltd ("Assignee") all of its right, title, interest, claims and causes of action in and to, or arising under or in connection with, its claim (as such term is defined in Section 101(5) of the U.S. Bankruptcy Code) scheduled in the amount of $1,671,308.39 and associated with Proof of Claim **#533** in the amount of $1,212,716.19 and Proof of Claim **#534** in the amount of $637,280.02 and Proof of Claim **#535** in the amount of $1,212,716.19 against **Dura Automotive Systems, LLC et al** (the "Debtor"), Chapter 11 Case No. **19-12378** United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), and any and all proofs of claim filed by Assignor with the Bankruptcy Court in respect of the foregoing claim.

Assignor hereby waives any objection to the transfer of the claim to Assignee on the books and records of the Debtor and the Bankruptcy Court, and hereby waives to the fullest extent permitted by law any notice or right to a hearing as may be imposed by Rule 3001 of the Federal Rules of Bankruptcy Procedure, the Bankruptcy Code, applicable local bankruptcy rules or applicable law.  Assignor acknowledges and understands, and hereby stipulates, that an order of the Bankruptcy Court may be entered without further notice to Assignor transferring to Assignee the foregoing claim and recognizing the Assignee as the sole owner and holder of the claim.  Assignor further directs the Debtor, the Bankruptcy Court and all other interested parties that all further notices relating to the claim, and all payments or distributions of money or property in respect of claim, shall be delivered or made to the Assignee.

IN WITNESS WHEREOF, this EVIDENCE OF TRANSFER OF CLAIM IS EXECUTED THIS 9th day of January, 2020.

| PLASTI-PAINT, INC. | HAIN CAPITAL INVESTORS MASTER FUND, LTD |
|---|---|
| | By Koltai & Company Advisors, LLC |
| By: *(signed)* | By: *(signed)* |
| Name: | Name: Robert J Koltai |
| Title: DAVE BACON, PRESIDENT | Title: Managing Member |