**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>DURA AUTOMOTIVE SYSTEMS, LLC, *et al.*[1],<br><br>     Debtors. | Chapter 7<br>Case No. 19-12378 (KBO)<br>(Jointly Administered)<br><br>**Re: Docket No. 1451** |

## ORDER FOR SUBSTANTIVE CONSOLIDATION

AND NOW, this 21st day of March, 2024, upon consideration of the Motion of Chapter 7 Trustee for Order Substantively Consolidating Debtors' Estates (the "Motion"), and any objections thereto, it is hereby

**FOUND AND DETERMINED THAT:**

A.     The Court has jurisdiction over the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these cases and this Motion is proper in this district under 28 U.S.C. §§ 1408 and 1409.

B.     As evidenced by a certificate of service and the form of notice of the Motion filed with the Court, and based on the representations of counsel, proper, timely, adequate, and sufficient notice of the Motion has been provided and no further notice of the Motion and hearing is or shall be required.

C.     Compelling circumstances exist such that substantive consolidation is appropriate in these cases as set forth herein.

---

[1] The Debtors in these chapter 7 cases, along with each of their respective case numbers, are: Dura Automotive Systems Cable Operations, LLC (19-12371 (KBO)); Dura Automotive Systems, LLC (19-12378 (KBO)); Dura Fremont L.L.C. (19-12372 (KBO)); Dura G.P. (19-12369 (KBO)); Dura Mexico Holdings, LLC (19-12373 (KBO)); Dura Operating, LLC (19-12374 (KBO)); and NAMP, LLC (19-12370 (KBO)).

D.     Substantive consolidation and the related relief sought in the Motion is in the best interests of the Estates, creditors, and other parties in interest.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.     The Motion is GRANTED.

2.     All assets and liabilities of the Estates shall be consolidated (such consolidated Estates may be referred to herein collectively as the "Consolidated Estate").

3.     All joint and several liabilities owed by more than one of the Debtors shall be deemed to be one obligation of the Consolidated Estate, and each and every claim filed against any one or more Estates shall be deemed filed against the Consolidated Estate and shall be deemed to be one claim against, and a single obligation of, the Consolidated Estate.

4.     To the extent multiple proofs of claims for the same liability were filed by a creditor against multiple Debtors prior to the entry of this Order of consolidation, then such claims are deemed to be a singular claim against the Consolidated Estate without need for the Trustee to object to such multiple proofs of claims as duplicative.

5.     All intercompany claims between the Debtors shall be eliminated and extinguished.

6.     All matters relative to the Consolidated Estate shall proceed under the above-captioned Case No. 19-12378 (KBO), and all of the other cases shall be dismissed by separate orders entered in each such case.

7.     The Trustee is hereby authorized to do such things, execute such documents, and take such other action as may be necessary to implement the terms of this Order.

8.     The Court retains jurisdiction to enforce and implement the terms and provisions of this Order.

**Dated: March 21st, 2024**
**Wilmington, Delaware**

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**